45498. HOME INDEMNITY COMPANY v. THOMAS et al.

JORDAN, Presiding Judge. An insurer purportedly providing uninsured motorist coverage to the plaintiff in an action against a known uninsured owner or operator who is alleged to be a tortfeasor is a party at interest to be served "as though . . . actually named as a party defendant" and is accorded the right, under present law, "to file pleadings, and take other action allowable by law in the name of either the known owner or operator or both or itself." Ga. L. 1967, pp. 463, 464; *Code Ann.* § 56-407.1 (d).

In our view this statutory right is one which is not governed by the rules pertaining to intervention but accords to the insurer issuing a policy providing uninsured motorist coverage to the plaintiff, admitted or disputed, the right at its election to participate indirectly in the proceedings, without becoming a named party, by filing pleadings or taking other action allowable by law, in the name of the owner or operator, or both. Such insurer may also participate directly in its own name in the proceedings by filing pleadings or taking other action allowable by law, in which event it assumes the status of a named party. See *Doe v. Moss,* 120 Ga. App. 762 (172 SE2d 321); *United Fidel. &c. Co. v. Bishop,* 121 Ga. App. 75 (172 SE2d 855).

We think it necessarily follows that if the insurer purports to act in the name of one of the alleged tortfeasors, its action for that party is governed by the rules of practice and procedure applicable to that party, and if that party is in default, it can only remove the default or defend the action in the same manner and to the extent allowed by law for a party in default.

Likewise, to the extent that it may purport to act directly in its own name, and thereby elect to assume the status of a named party, we think the rules of practice and procedure apply to it commencing when service is perfected "as though . . . actually named as a party defendant," and thus, to preserve its rights as to this status, it must act within the time provided by law to avoid default, and failing to do so, it is in no better position than a defaulting party. The guise of a motion to intervene cannot overcome or avoid the effect of a default by a failure to

file appropriate pleadings within the time provided by law for one entitled by law to plead in the name of a party defendant or to assume the status of a party defendant.

The trial judge properly denied the motion of the insurer to intervene in the present action, although the insurer is free to participate in the action as allowed by law in the manner heretofore discussed.

*Judgment affirmed. Eberhardt and Pannell, JJ., concur.*

ARGUED SEPTEMBER 10, 1970—DECIDED OCTOBER 1, 1970—REHEARING DENIED OCTOBER 15, 1970—

*Neely, Freeman & Hawkins, Albert H. Parnell,* for appellant. *Louis M. Tatham,* for appellees.