### 48777. HOPKINS v. HARRIS.

DEEN, Judge. 1. The plaintiff Harris and the defendant Hopkins were guarantors on the note of a corporation apparently insolvent at the time the obligation became due. Harris filed a petition alleging that he had been forced to pay the entire note, and sought contribution against Hopkins for his one third, another guarantor having paid his pro rata liability. This petition was served on Hopkins on January 15, 1973, thus requiring a responsive pleading on or before February 14, the thirtieth day. No answer was ever filed. A motion to dismiss for failure to state a claim, filed by the defendant, was overruled on July 17, 1973, and a judgment granting plaintiff's motion for judgment by default was entered the same day. Code Ann. § 81A-112 (b) lists seven defenses which may be made by motion, of which a motion to dismiss for failure to state a claim is one. It follows that the motion for judgment by default could not properly be made until this was disposed of; thereafter, in the absence of responsive pleadings, its grant was proper. Code Ann. § 81A-155.

2. The defendant, however, filed three motions for summary judgment while the case was pending; the first on February 15, 1973, and the last on July 9. He contends that his defenses to the petition are set up in these motions and the affidavits in support of them and serve the function of an answer, and are at least a responsive pleading in such guise that he could not be adjudged in default prior to the entry of an order thereon. The trial court thereupon passed a nunc pro tunc order stating that he had intended to rule on the motions, denying them, at the time he denied the motion to dismiss, and now did so nunc pro tunc. We agree with the appellant that this was error. It is not the function of a nunc pro tunc order to correct a deficiency caused by nonaction on the part of the court. *Baxter v. Long,* 122 Ga. App. 500 (4) (177 SE2d 712). However, their pendency did not keep the case from being in default, for the first of the motions was filed 31 days after service of the petition, and the others some seven months later. This was too late. See Code Ann. §§ 81A-105 (d), 81A-112 (a). Federal rules 12 and 55 are sufficiently similar to

the respective answer and default judgment sections of the Civil Practice Act to form the basis of analogy, and it is noted that in Provident Security Life Ins. Co. v. Gorsuch, 323 F2d 839 it was held that the trial court abused its discretion in denying a motion to set aside a default judgment where the defendant, although failing to file an answer, had filed a motion for summary judgment *within the time limited for answer,* under the belief that this was sufficient; the motion set out substantive defenses which, if proved, would entitle him to judgment, and the plaintiff was not harmed, since all of this added up to "good cause" and "excusable neglect." In 49 CJS 355, Judgments, § 199, it is held that where the rule obtains that a default judgment cannot be entered while there is a motion undisposed of, this only applies where the motion has been filed within the time to plead (see Register v. Pringle Bros., 50 S. 584; Dunbar v. Baker, 104 Mass. 211). We do not understand *Sing Recording Co. v. LeFevre Sound Studios, Inc.,* 122 Ga. App. 327 (176 SE2d 657) as holding to the contrary. That case holds simply that, there being a statute applying to the court in question that one demanding a jury trial was entitled thereto unless the demand was withdrawn, the defendant was entitled to a jury even though in default, and a judgment entered by the court without a jury was error. Here, none of the motions for summary judgment can be considered as responses since not filed within the time required for filing an answer.

3. The fact that the plaintiff had filed various papers such as requests for admission does not estop him from insisting on the default.

*Judgment affirmed. Quillian, J., concurs. Bell, C. J., concurs specially.*

ARGUED NOVEMBER 5, 1973 — DECIDED NOVEMBER 26, 1973 — REHEARING DENIED DECEMBER 18, 1973.

*Newton, Hopkins & Ormsby, John A. Poindexter,* for appellant. *Cotton, Katz & White, J. Timothy White,* for appellee.

ON MOTION FOR REHEARING.

Under the provisions of Code Ann. § 81A-105 (d) the filing of the pleading must take place within the time allowed for service, and filing means *filing with the clerk of court.* Code Ann. § 81A-105 (d). Code Ann. § 81A-112 (a) states: "A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute."

This clearly fixes the time for filing the answer with the clerk of court as 30 days after the complaint has been served on the defendant.

We are, however, asked to rule that Code Ann. § 81A-105 (b) relating to serving papers on an opposing party or his attorney may alter the 30 day rule for filing pleadings with the clerk. This statute specifically provides that "Service upon the attorney or upon a party shall be made by delivering a copy to him or by mailing it to him at his last known address or, if no address is known, by leaving it with the clerk of court" and "Service by mail is complete upon mailing."

We do not apprehend that this enlarges upon the time allowed for filing papers with the clerk. There is no provision for filing by mail. The record in the trial court and its exemplification in this court show only the date on which the clerk receives the papers and marks them filed. This is required under Code Ann. § 24-2715 which states: "(2). Every clerk of the superior or city courts must record immediately in his book of final records every part of the pleadings in every case. . . and such record shall be a part of the final record of the papers required by law to be made, or all of such record, as the case may be." The transcript of this record is the one sent to the appellate court. Code Ann. § 24-2715 (15). The clerk is not required to keep records of mailing dates on papers sent to his office by others, and indeed in many cases this would be impossible. There is no way of computing the 30 days allowed for answer except by the clerk's filing record. Had the legislature intended to say filing by mail was permissible and should date from the date of mailing rather than the date of "filing in the clerk's office" it would have so provided.

We therefore adhere to our judgment that the pleading in question, which was not filed in the clerk's office within the 30 day period set by statute, was not timely.

BELL, Chief Judge. Addendum. While I have concurred in Judge Deen's opinion, I have done so with the understanding that the case does not hold that the filing of a motion for summary judgment can be accepted as an answer. That discussion in the case I consider to be obiter. Personally, I do not feel that motions are responsive pleadings and I would dissent to any holding that they were. See CPA § 7 (a) (Code Ann. § 81A-107 (a)).