## 58540. ETI CORPORATION v. HAMMETT.

DEEN, Chief Judge.

In *ETI Corp. v. Hammett,* 140 Ga. App. 618 (231 SE2d 545) (1976), this court held that the trial court erred in granting Hammett's motion for summary judgment because he had not complied with defendant's requests for admissions and remanded the case to the trial court to reconsider ETI's motion for summary judgment. After the case was remanded, but before the trial court entered its ruling on ETI's motion, Hammett had the case dismissed without prejudice. ETI made no objection. About one and one-half years later, Hammett again brought suit against ETI alleging that the defendant was in default on the note which was the subject matter of the first suit and on a second note.

1. ETI contends that the trial court erred in granting Hammett's motion for summary judgment for two reasons. First, the trial court erred in ruling that certain facts deemed admitted in the first case do not operate to establish facts in the subsequent appearance of the same

case. Second, that the trial court erred in not finding that the secured notes upon which appellee sued had been extinguished by his election to foreclose upon the real property securing these notes.

ETI argues that the voluntary dismissal of the first case is a nullity because Hammett could not voluntarily dismiss his case once the appeal was filed. Even if ETI's contention is true, it made no objection to Hammett's voluntary dismissal of the first action and at this late date, about two years later, it cannot complain that the case was improperly dismissed because it has waived its objection.

Under Code Ann. § 81A-136 (b): "[A]ny admission made by a party under this section is for the purpose of the pending action only and is not an admission by him for any other purposes, nor may it be used against him in any other proceeding." As appellant waived his right to challenge plaintiff's dismissal without prejudice, Hammett's failure to respond to requests for admissions in that case cannot be used against him in the present case.

2. Appellant further contends that the trial court erred in denying his motion for summary judgment because the facts deemed admitted in the previous suit were conclusive and the foreclosure sale was not confirmed. This enumeration must fail for the reasons set forth in Division 1 of this opinion.

*Judgment affirmed. Shulman and Carley, JJ., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED OCTOBER 23, 1979.

*Christopher J. Valianos,* for appellant.
*Howard H. Johnston,* for appellee.