61328, 61329. WILLIAMS v. COCA-COLA COMPANY; and vice versa.

McMURRAY, Presiding Judge.

Plaintiff Williams brought this action against The Coca-Cola Company alleging an indebtedness for personal services and seeking recovery in the amount of $600,000, plus interest, and punitive damages in the amount of $100,000. This action is a reinitiation of a prior action between these parties on the same claim which plaintiff seeks to assert in the case sub judice. Defendant responded with a motion to dismiss plaintiff's refiled action or, in the alternative, for summary judgment. Defendant's motion was granted although in its order the trial court expressly withheld any ruling on the issue concerning the statute of limitation which had been raised in defendant's motion. The plaintiff appeals from the grant of defendant's motion to dismiss plaintiff's refiled action or, in the alternative, for summary judgment, and defendant cross appeals, enumerating as error the refusal of the trial court to rule on the issues raised concerning the statute of limitation. *Held:*

1. Matters outside the pleadings were presented and not excluded by the trial court. Therefore, defendant's motion is treated as one for summary judgment and the grant of that motion a grant of summary judgment in favor of defendant and against plaintiff. Code Ann. § 81A-112 (b) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1972, pp. 689, 692, 693).

Plaintiff contends that the trial court erred in considering for summary judgment purposes discovery materials from the previous case involving the same issue between the same parties. Plaintiff

relies upon *ETI Corp. v. Hammett,* 152 Ga. App. 1 (1) (262 SE2d 211). That case is inapposite to the case sub judice as it involves requests for admissions as provided under Code Ann. § 81A-136 (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528). Admissions made in response to requests under the provisions of Code Ann. § 81A-136, supra, are, as stated in Code Ann. § 81A-136 (b) "made by a party . . . for the purpose of the pending action only and is not an admission by him for any other purpose, nor may it be used against him in any other proceeding." The discovery materials in question in the case sub judice do not include responses to requests for admissions under Code Ann. § 81A-136, supra, and thus are not subject to the limitations set forth in Code Ann. § 81A-136 (b).

The discovery material taken from the original action between these parties was properly introduced into the record of the case sub judice. It has long been the law in Georgia that "there is no law which prevents a party in a litigation from offering in evidence admissions made by one of the adverse parties, although such admissions may be contained in testimony given by such party in another proceeding . . . [W]here the former testimony is in the form of depositions or answers to interrogatories, there can be no objection to introducing the admissions contained in them." *Hope v. First Nat. Bank,* 142 Ga. 310, 311 (3), 315 (82 SE 929). This continues to be the rule in Georgia. See such cases as *Kelly v. Chrysler Corp.,* 129 Ga. App. 447 (1) (199 SE2d 856); *Wheeler v. Friendly Motors,* 138 Ga. App. 260 (226 SE2d 95).

2. Although an answer was not filed by the defendant within the 30 days allowed for that purpose, defendant filed its motion to dismiss plaintiff's refiled answer or, in the alternative, for summary judgment upon which summary judgment was granted in favor of defendant and against plaintiff. Plaintiff contends that no summary judgment could have been properly granted to a defendant who failed to answer. This contention is incorrect as it is clear from the decisions of this court in *Hopkins v. Harris,* 130 Ga. App. 489 (2) (203 SE2d 762), and *Bigley v. Lawrence,* 149 Ga. App. 249 (253 SE2d 870), that the defendant's motion having been filed within the time permitted to file an answer, the trial court was required to rule upon the motion prior to entering a default judgment and that to have entered a default judgment while the motion was pending would have been harmful error. The trial court properly ruled on defendant's motion under the circumstances.

3. The defendant's responses to interrogatories, and the admissions of plaintiff in his deposition taken by defendant in the prior action, show that there was no employment of the plaintiff by the defendant nor was there any discussion between the parties

regarding the performance of any services by plaintiff. Plaintiff's services were at no time solicited by defendant nor was there any explicit agreement created between the parties. Clearly the requisites of an explicit contract such as a meeting of the minds of the parties, mutuality, and the clear expressions of the terms of an agreement, are absent in the case sub judice. *Bagwell-Hughes, Inc. v. McConnell,* 224 Ga. 659, 661 (164 SE2d 229); *West v. Downer,* 218 Ga. 235, 241 (5) (127 SE2d 359).

Furthermore, no evidence is presented which would authorize a recovery upon quantum meruit. Such an action predicated upon an implied promise to pay the reasonable value of services would arise only if plaintiff had rendered valuable services to defendant which the latter accepts. See in this regard *Adair Realty Co. v. Wellman,* 141 Ga. App. 101, 103 (232 SE2d 571). The evidence before the trial court showed that the defendant's acquisition of Presto Products, Inc., was initiated and implemented entirely independent of the plaintiff's unsolicited approach of the defendant some years prior to the eventual acquisition.

Plaintiff argues that his affidavit is sufficient to present issues of material fact so as to require jury determination of the case sub judice. Plaintiff's affidavit which set forth various information including plaintiff's function as a "finder" in bringing together potential sellers and potential buyers for the purpose of corporate merger or acquisition fails, however, to present any evidence of an express contractual agreement with defendant or of any such conduct involving the rendering of services by plaintiff and acceptance thereof by defendant such as would support a claim of quantum meruit.

The allegations of plaintiff's complaint were pierced by the evidence submitted in support of defendant's motion for summary judgment. Plaintiff's complaint having been pierced, the burden rests with the plaintiff to affirmatively support the allegations of his complaint by presenting evidence in support thereof. Plaintiff has failed in this burden. Therefore the trial court did not err in granting summary judgment in favor of the defendant. See *Guthrie v. Monumental Prop.,* 141 Ga. App. 21, 22 (2) (232 SE2d 369).

4. The cross appeal is rendered moot by our decision in the main appeal.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 6, 1981 —
REHEARING DENIED MARCH 30, 1981 IN CASE NO. 61328.

*Glenville Haldi, John W. Folsom,* for appellant.
*Charles H. Kirbo, Joseph R. Bankoff,* for appellee.