A92A2192. DAY v. NORMAN et al.
(427 SE2d 31)

ANDREWS, Judge.

Day, acting pro se, sued Norman and McCracken in their capacities as DeKalb County police officers for damages resulting from the alleged illegal impoundment of his vehicle at the time of his arrest. Both defendants were personally served with the complaint — Norman on June 8, 1991, and McCracken on June 12, 1991. On June 27, 1991, Day filed an amended complaint setting forth his allegations against the defendants in greater detail, and served both defendants with a copy by mail. Acting as counsel for both defendants, the DeKalb County attorney filed answers for the defendants on July 29, 1991, denominated as responses to the amended complaint. In Norman's case the answer came 51 days after he was served with the original complaint, and in McCracken's case 47 days after service of the original complaint.

Thereafter, Day moved for entry of a default judgment against the defendants. The county attorney defended by asserting that the answers were timely filed within 30 days of the date the defendants received the amended complaint by mail. On September 20, 1991, the trial court entered an order finding that the defendant's answers were timely filed, and denying Day's motion for entry of a default judgment. On June 25, 1992, the trial court granted the defendants' motion (filed on January 27, 1992) to dismiss the action on grounds that it was barred by the applicable statute of limitation. Day appeals, enumerating as error the trial court's denial of his motion for a default judgment, and the order dismissing the action.

1. "A defendant shall serve his answer within 30 days after the service of the summons and complaint upon him, unless otherwise provided by statute." OCGA § 9-11-12 (a). By failing to file an answer

to Day's original complaint within 30 days of being served, each defendant became automatically in default. OCGA § 9-11-55 (a). Neither defendant opened default as a matter of right by filing defenses within 15 days of the day of default upon payment of costs. Id. Accordingly, Day became entitled to a default judgment, subject to determination of damages. Id. Of course, prior to entry of final judgment, if the defendants should file a motion to open default, the trial court may consider it, and exercise its discretion under the provisions of OCGA § 9-11-55 (b). *B-X Corp. v. Fulton Plumbing Co.*, 140 Ga. App. 131, 132 (230 SE2d 331) (1976).

The defendants' argument that the answers were a timely response to the amended complaint has no merit. After the original complaint was served, Day was entitled to file an amended complaint as long as no pre-trial order was entered in the case. OCGA § 9-11-15 (a). Service of the amended complaint by mail was proper (see *Locklear v. Morgan*, 127 Ga. App. 326, 331 (193 SE2d 208) (1972)), and a response by the defendants, although permitted, was not required. OCGA § 9-11-15 (a). The amended complaint clearly arose out of the same conduct, transaction or occurrence giving rise to the original complaint, therefore the amendment related back to the date of the original complaint. OCGA § 9-11-15 (c); *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732, 734 (307 SE2d 530) (1983); *Sam Finley, Inc. v. Interstate &c. Ins. Co.*, 135 Ga. App. 14, 18-20 (217 SE2d 358) (1975). The defendants were required to file timely answers to the original complaint, and answers filed more than 30 days after service of the original complaint were not sufficient to comply with the requirements of OCGA § 9-11-12 (a).

2. We render no opinion on the merits of the defendants' motion based on the defense of the statute of limitation, but hold on procedural grounds that the trial court erred by ruling on this motion while the case was in default. Had a motion raising this defense been filed within 30 days of service of the complaint, the trial court would have been required to consider it on the merits, even in the absence of any answer to the complaint, before entering a default judgment. *Hopkins v. Harris*, 130 Ga. App. 489 (203 SE2d 762) (1973). Here, the motion raising the defense was not filed until long after the case was in default. The motion did not keep the case from being in default, nor is a defense to an action a ground in itself to opening default. Id.; *Williams v. Coca-Cola Co.*, 158 Ga. App. 139, 140 (279 SE2d 261) (1981); *B-X Corp.*, supra at 132; H. Gregory, Georgia Civil Practice, § 3-6 (A) (2) (1990).

*Judgment reversed. Birdsong, P. J., and Beasley, J., concur.*

Decided January 5, 1993.

Roger C. Day, *pro se.*
Albert S. Johnson, Melinda B. White, for appellees.