## A96A0563. FRASURE v. CALHOUN.
### (471 SE2d 57)

BLACKBURN, Judge.

Carnel C. Frasure, acting pro se, appeals the dismissal of a malpractice action he filed against his former attorney, Elizabeth C. Calhoun.

Frasure's action was served on Calhoun on June 28, 1995, and it is undisputed that Frasure failed to obtain or attach an expert affidavit in support of his complaint as required by OCGA § 9-11-9.1. Calhoun neither sought nor received an extension of time within which to file her responsive pleadings. On August 3, 1995, 36 days after the complaint was served, Calhoun filed a motion to dismiss based on Frasure's failure to comply with the affidavit requirement.[1] The motion to dismiss was Calhoun's initial responsive pleading. The trial court dismissed the action, rejecting Frasure's arguments that the motion was untimely. This appeal ensued.

OCGA § 9-11-12 (a) generally requires responsive pleadings to be filed within 30 days after service of the summons and complaint. This 30-day deadline also applies to motions filed in lieu of an answer. See *Williams v. Coca-Cola Co.*, 158 Ga. App. 139, 140 (279 SE2d 261) (1981). If responsive pleadings are not filed within the time required, the case is automatically in default. OCGA § 9-11-55 (a). OCGA § 9-11-55 (a) provides that a default may be opened as a matter of right upon the payment of costs and the filing of an answer within 15 days of the default. While Calhoun's motion was docketed

---

[1] Calhoun claims that an answer was timely filed and attached a copy of the purported answer to her appellate brief. "A brief or an attachment thereto cannot be used as a procedural vehicle for adding evidence to the record." (Citations and punctuation omitted.) *Stolle v. State Farm Mut. &c. Ins. Co.*, 206 Ga. App. 235, 236 (424 SE2d 807) (1992). Although an attachment to an appellate brief cannot be used as evidence, we note that the purported copy of Calhoun's answer indicates that it was served upon Frasure on July 28, 1995; however, the copy reflects no file stamp from the trial court.

within the period when she could have opened the default as a matter of right, it was not accompanied by the payment of costs, and therefore, the default was not opened. The trial court erred by ruling on Calhoun's motion while the case was in default. The motion did not keep the case from being in default. A defense to an action is not a ground in itself to opening a default. See *Day v. Norman,* 207 Ga. App. 37, 38 (427 SE2d 31) (1993). Therefore, we must reverse.

No final judgment has been entered in this case, and prior thereto, the trial court may consider any motion to open default which might be filed and exercise its discretion as to such motion under the provisions of OCGA § 9-11-55 (b).

*Judgment reversed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED MAY 3, 1996.

Carnel C. Frasure, *pro se.*
*Jack E. Boone, Jr.,* for appellee.