## A00A1956. JESSON v. GCH & ASSOCIATES, INC.
(545 SE2d 645)

JOHNSON, Presiding Judge.

GCH & Associates, Inc. sued Worldwide Cellular, Inc., Teledata International, Inc., and Merritt Jesson in Fulton County State Court to recover a $45,000 consulting fee. GCH served Worldwide's registered agent and Teledata's registered agent with the complaint in their Atlanta offices. GCH served Jesson with the action at his residence in Tampa, Florida.

Jesson filed a pro se answer to the complaint. In his answer, Jes-

son expressly admitted that he could be served at his residential address of 4909 Lyford Cay Road, Tampa, Florida. And below his signature at the end of his answer, Jesson listed that same address.

Thereafter, GCH served Jesson with various discovery requests at his Tampa address. Jesson failed to respond to any of the discovery requests, so GCH moved the court to compel Jesson's response and to strike his answer. GCH served Jesson with the motion at his Tampa address, but he did not respond. The Fulton County court granted the motion, ordering Jesson to comply with the discovery requests and to pay GCH's attorney fees of $332.50 and striking his answer.

Two months later, GCH moved for a default judgment based on Jesson's stricken answer and served him with the motion at his Tampa address. After filing that motion, GCH reached a settlement with Worldwide and Teledata for $12,500 and dismissed its actions against the corporate defendants with prejudice. Jesson subsequently filed a response to GCH's motion for a default judgment. In his response, Jesson claimed that he had not gotten any of the discovery requests because, contrary to what he had stated in his answer to the complaint, he does not live at 4909 Lyford Cay Road, but actually lives at 4904 Lyford Cay Road in Tampa. The response does not explain how Jesson received service of the original complaint, which he answered, or service of the motion for default judgment, which he responded to, even though those documents were mailed to the same address as all the discovery requests.

The Fulton County court, however, did not rule on the motion for a default judgment and instead transferred the case pending against only Jesson to Cobb County State Court. There, GCH again moved for a default judgment, and Jesson filed a response to the motion. The Cobb County court granted the motion, finding that Jesson was clearly in default under OCGA § 9-11-55 because his answer had been struck, that Jesson had failed to file a motion under OCGA § 9-11-55 (b) to reopen the default, and that without such a motion the court was without discretion to open the default. The court entered judgment against Jesson in the amount of $32,500, plus $332 in attorney fees for having not responded to GCH's discovery requests. Jesson appeals from the court's judgment.

1. Jesson complains that the Cobb County court erred in granting GCH's motion for a default judgment. The complaint is without merit.

As the trial court correctly found, Jesson clearly was in default because his answer had been struck.[1] The trial court also found correctly that Jesson's remedy was to move to open the default pursuant

---

[1] See OCGA § 9-11-55 (a); *Sellers v. Nodvin*, 207 Ga. App. 742, 744-745 (1) (429 SE2d 138) (1993); *Freeman v. Ripley*, 177 Ga. App. 522 (339 SE2d 795) (1986).

to OCGA § 9-11-55 (b).

Under OCGA § 9-11-55 (b), a prejudgment default may be opened on one of three grounds *if* four conditions are met. The three grounds are: (1) providential cause, (2) excusable neglect, and (3) proper case; the four conditions are: (1) showing made under oath, (2) offer to plead instanter, (3) announcement of ready to proceed with trial, and (4) setting up a meritorious defense. . . . Generally, the opening of a default rests within the sound discretion of the trial court. However, compliance with the four conditions is a condition precedent; in its absence, the trial judge has no discretion to open the default.[2]

Here, Jesson filed a response to GCH's motion for a default judgment, but he did not move to open the default, let alone satisfy the four conditions required for opening default. Consequently, the trial court correctly ruled that it did not have discretion to open the default.[3] The trial court's entry of a default judgment against Jesson was proper.

2. Because of our holding in Division 1, we need not address Jesson's argument that the Fulton County court erred in striking his answer pursuant to OCGA § 9-11-37 (d) as a sanction for his discovery abuses.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 16, 2001 — 

*Eric P. Sabiston*, for appellant.
*Douglas J. Davis*, for appellee.

---

[2] (Citation and punctuation omitted; emphasis in original.) *Stewart v. Turner*, 229 Ga. App. 119, 121 (2) (493 SE2d 251) (1997).
[3] Id. at 122 (2).