A06A1207. LEWIS v. WALLER et al.
(637 SE2d 505)

BERNES, Judge.

John W. Lewis, Jr., appeals the dismissal of his tort action against Anastasia Waller and Horace Mann Insurance Company, Lewis' underinsured/uninsured motorist carrier ("UMC"). The State Court of Clayton County dismissed the suit after concluding that the statute of limitation had expired. On appeal, Lewis contends that the trial court should have stricken the answer filed by Horace Mann on behalf of Waller and entered a default judgment in his favor. Lewis further contends that his action was renewable and thus not barred by the statute of limitation. For the reasons discussed below, we conclude that the trial court should have entered default judgment against Waller but correctly dismissed the action against Horace Mann on statute of limitation grounds. Thus, we affirm in part and reverse in part.

This case arises out of a motor vehicle accident involving Lewis and Waller that occurred on December 17, 2001. On December 3, 2003, approximately two weeks before the expiration of the statute of limitation, Lewis filed his pro se complaint against Waller in the Magistrate Court of Fulton County, seeking damages for personal injuries sustained in the accident. After the sheriff's office was unsuccessful in serving Waller with the summons and complaint, Lewis hired a private process server, Menette Adams. On May 12, 2004, Adams personally served Waller at her residence with the summons and complaint. However, there is no evidence in the record that Lewis ever sought or obtained an order from the magistrate court appointing Adams as a special agent for service of process pursuant to OCGA § 9-11-4 (c).

The case subsequently was transferred to the Magistrate Court of Clayton County. On November 9, 2004, the magistrate court granted Waller's motion for judgment on the pleadings and dismissed the case. The magistrate court dismissed the case based on its finding that "the record contains no evidence that a special process server was ever authorized by the court" to effectuate service of the summons and complaint.

On December 6, 2004, Lewis filed the instant suit against Waller and Horace Mann in the State Court of Clayton County as an attempted renewal action. Waller was served with the summons and renewal complaint on December 21, 2004, and Horace Mann was served on March 4, 2005. On March 31, 2005, Horace Mann filed its answer and cross-claim in its own name, raising the statute of limitation as an affirmative defense. Horace Mann also filed an answer by special appearance on behalf of Waller pursuant to OCGA § 33-7-11 (d).

On May 31, 2005, Lewis moved for entry of a default judgment. Simultaneous with the filing of its motion, Lewis for the first time filed the affidavit of service showing that Waller had been personally served with the summons and renewal complaint five months earlier.

On April 26, 2005, Horace Mann filed its motion to dismiss the complaint, or in the alternative, for summary judgment, contending that Lewis' suit was barred by the statute of limitation. On June 6, 2005, Waller entered a special appearance in the case and filed her own motion to dismiss based on the defense of statute of limitation. In response, Lewis argued that expiration of the statute of limitation was not dispositive of his claim because the complaint was renewable under OCGA § 9-2-61 (a). Lewis also argued that the answer filed by Horace Mann on behalf of Waller should be stricken as untimely.

The motions were consolidated and set down for hearing by the State Court of Clayton County. After hearing oral argument, the trial court entered its order denying Lewis' motion for entry of a default judgment and dismissing the case on the ground that the applicable statute of limitation had expired. In reaching this result, the trial court found that the original action was void and thus not subject to renewal because service had never been perfected upon Waller in that action.

1. We conclude that the special appearance answer filed on behalf of Waller should have been stricken as untimely and that Lewis was entitled to entry of a default judgment against Waller. We further conclude, however, that Waller's default, and the substantive admissions that flow from it, are not binding upon Horace Mann.

(a) *Default Judgment against Waller.* The Georgia procedural law relating to default judgments is codified in OCGA § 9-11-55. Under that Code section,

> a case automatically goes into default if an answer has not been filed within 30 days, unless the time for filing has been extended as provided by law; however, a defendant is entitled to open a default as a matter of right if an answer is filed within 45 days of service and the defendant pays court costs.

*MacDonald v. Harris,* 265 Ga. App. 131, 131-132 (1) (593 SE2d 32) (2003). See OCGA § 9-11-55 (a).

In the present case, Waller never filed an answer and instead attempts to rely upon the special appearance answer filed on her behalf by Horace Mann. Significantly, however, if the UMC "purports to act in the name of one of the alleged tortfeasors, its action for that party is governed by the rules of practice and procedure applicable to that party." *Home Indem. Co. v. Thomas,* 122 Ga. App. 641 (178 SE2d

297) (1970). Consequently, the special appearance answer filed on behalf of Waller should have been filed within 30 days of when *Waller* was personally served on December 21, 2004. It was not. Therefore, no timely answer was served by Waller or on her behalf.

Nonetheless, Waller contends that entry of a default judgment would be improper because Lewis waited five months to file the affidavit of service showing that Waller had been personally served with the summons and renewal complaint. It is true that "[t]he person serving the process shall make proof of service thereof to the court promptly and, in any event, within the time during which the person served must respond to the process." OCGA § 9-11-4 (h). But, "[f]ailure to make proof of service [does] not affect the validity of the service." Id. See *McPherson v. McPherson*, 238 Ga. 271, 273 (4) (232 SE2d 552) (1977); *Ewing v. Johnston*, 175 Ga. App. 760, 761-762 (1) (a) (334 SE2d 703) (1985). Likewise, late filing of the return of service does not affect the validity of the service, at least where the served party was not deceived or prejudiced by the delay. See *Olvey v. C & S Bank of Clayton County*, 146 Ga. App. 484, 485 (246 SE2d 485) (1978). Waller has failed to explain how the late filing of the return of service prevented her from filing a timely answer. Hence, she cannot show that she was prejudiced by the delay, and the late filing does not excuse her failure to file a timely answer.

Citing to OCGA § 9-11-60 (f), Waller also argues that entry of a default judgment would be improper because she was entitled to bring, and have the trial court consider, a motion to set aside a judgment void for lack of jurisdiction at any time. Waller's reliance on this Code section is misplaced since she never filed a motion to set aside a judgment. Rather, she filed a motion to dismiss Lewis' complaint pursuant to OCGA § 9-11-12 based on the defense of the statute of limitation. "Statute of limitation is an affirmative defense which must be properly raised or it is waived." *Sam's Wholesale Club v. Riley*, 241 Ga. App. 693, 697 (4) (527 SE2d 293) (1999).

> Had a motion raising [the defense of the statute of limitation] been filed within 30 days of service of the complaint, the trial court would have been required to consider it on the merits, even in the absence of any answer to the complaint, before entering a default judgment. Here, the motion raising the defense was not filed until long after the case was in default. The motion did not keep the case from being in default, nor is a defense to an action a ground in itself to opening default.

(Citations omitted.) *Day v. Norman*, 207 Ga. App. 37, 38 (2) (427 SE2d 31) (1993). As such, the trial court was not entitled to consider

Waller's motion to dismiss filed outside the 30-day answer period absent a proper opening of the default. See id. (reversing grant of defendants' motion to dismiss complaint on statute of limitation grounds, when the defendants had filed untimely answers, the case thus had gone into default, and the motions to dismiss had been filed outside the 30-day answer period). See also *Frasure v. Calhoun*, 221 Ga. App. 272 (471 SE2d 57) (1996); *Hopkins v. Harris*, 130 Ga. App. 489, 489-490 (2) (203 SE2d 762) (1973) (physical precedent only). Compare *Williams v. Coca-Cola Co.*, 158 Ga. App. 139, 140 (2) (279 SE2d 261) (1981). Accordingly, Waller waived her affirmative defense based on the statute of limitation by failing to timely raise it. *Day*, 207 Ga. App. at 38 (2).[1]

For these reasons, we conclude that the case against Waller lapsed into default based on her failure to timely file an answer or other responsive pleading. See OCGA § 9-11-55 (a); *SRM Realty Svcs. Group v. Capital Flooring Enterprises*, 274 Ga. App. 595, 603 (2) (617 SE2d 581) (2005). Although Waller could have sought to open the default under OCGA § 9-11-55, she made no attempt to do so. Thus, we find that the trial court erred in failing to grant Lewis' motion for entry of a default judgment against Waller and in considering her motion to dismiss. See *SRM Realty Svcs. Group*, 274 Ga. App. at 603-604 (2); *Day*, 207 Ga. App. at 38 (2).

(b) *Effect of Default Judgment on Horace Mann.* In addition to filing a special appearance answer on behalf of Waller, Horace Mann filed an answer and counterclaim in its own name.

> Where a defendant tortfeasor defaults and thereby waives his right to defend against the action, his waiver and default can not be permitted to injure the statutory right of the uninsured motorist insurer to defend the action in its own name, which would be the result if the insurer were held to be bound by the defendant's admissions.

---

[1] Waller also argues that because the original action filed against her in the Magistrate Court of Fulton County was void, she was not required to file a timely answer or responsive pleading *in the instant action*. Her argument is misguided. Waller's defense in the instant action was statute of limitation, which, as already explained, is an affirmative defense that is waived if not timely raised. In contrast, whether the original action was void went only to whether Waller could rebut Lewis' claim that the instant action was renewable and thus not subject to dismissal on statute of limitation grounds. Hence, the legal issue of whether the original action was void would arise only after the raising of a timely statute of limitation defense, which never occurred in this case with respect to Waller. Compare *Clark v. Dennis*, 240 Ga. App. 512, 513 (2) (522 SE2d 737) (1999) (because original action was void, defendant was not required to file a timely answer or responsive pleading *in the original action*).

(Citation and punctuation omitted.) *Continental Ins. Co. v. State Farm Mut. Ins. Co.*, 212 Ga. App. 839, 842 (2) (443 SE2d 509) (1994). See also *Anthony v. Larios*, 256 Ga. App. 248, 248-249 (568 SE2d 135) (2002); *Glover v. Davenport*, 133 Ga. App. 146, 147 (210 SE2d 370) (1974). It follows that entry of a default judgment against Waller, and the substantive admissions that flow from that default, are in no way binding upon Horace Mann.

Furthermore, to the extent that the UMC purports to act directly in its own name, its answer is timely if filed within 30 days from service of the answer and complaint *upon the UMC*. See *Home Indem. Co.*, 122 Ga. App. at 641 (ruling that to the extent an insurer "may purport to act directly in its own name, and thereby elect to assume the status of a named party, . . . the rules of practice and procedure apply to it commencing when service is perfected as though actually named as a party defendant") (citation and punctuation omitted). Horace Mann was served with the summons and complaint on March 4, 2005, and it filed its answer and cross-claim in its own name on March 31, 2005. Consequently, Horace Mann's answer and cross-claim were timely filed, and so, in contrast to Waller, Horace Mann was entitled to proceed with its subsequently filed motion to dismiss, or in the alternative, for summary judgment based on the affirmative defense of statute of limitation.

2. We conclude that the trial court properly granted Horace Mann's motion on statute of limitation grounds. Under Georgia law, the general rule is that a plaintiff making a claim against a UMC must serve process upon the UMC within the same statute of limitation applicable to the uninsured motorist. See OCGA § 33-7-11 (d); *Vaughn v. Collum*, 236 Ga. 582, 582-583 (224 SE2d 416) (1976); *Rebuelta v. NKPA*, 281 Ga. App. 210, 212 (636 SE2d 42) (2006).[2] The statute of limitation for personal injury actions is two years from when the right of action accrued. OCGA § 9-3-33. Lewis filed the present action on December 6, 2004, but his right of action accrued on the date of the subject accident, December 17, 2001. The limitation period expired no later than December 17, 2003, approximately a year before the present action was commenced. Lewis' action against Horace Mann thus was time barred unless it was subject to renewal under OCGA § 9-2-61.

Lewis attempts to rely upon the rule "that service on an uninsured motorist carrier . . . in a valid renewal action filed after the running of the statute of limitation is valid even though the carrier

---

[2] OCGA § 33-7-11 (d) extends the time for service upon the UMC if the plaintiff did not have "a reasonable belief that a vehicle [was] an uninsured motor vehicle" until after his or her action against the motorist commenced. Lewis does not attempt to rely upon this provision.

was not served in the original action." *Malave v. Allstate Ins. Co.*, 246 Ga. App. 783 (541 SE2d 420) (2000). We conclude, however, that Lewis' renewal action was not valid.

OCGA § 9-2-61 (a) provides that

> [w]hen any case has been commenced . . . within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later.

Yet, "[t]he privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases." (Punctuation omitted.) *Patterson v. Douglas Women's Center*, 258 Ga. 803, 804 (3) (374 SE2d 737) (1989). "The original suit is void if service was never perfected, since the filing of a complaint without perfecting service does not constitute a pending suit. A suit is also void and incapable of renewal . . . if there has been a judicial determination that dismissal is authorized." (Citations omitted.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

As previously noted, the magistrate court dismissed the original action after determining that the process server used by Lewis was never appointed as a special agent for service of process.

> OCGA § 9-11-4 (c) plainly states who may serve process in a civil action. Process must be served by either (1) the sheriff or deputy of the county where the action is filed; (2) the sheriff or deputy of the county where the defendant is found; (3) the marshal or sheriff of the court or their deputies; or (4) any specially appointed process server. OCGA § 9-11-4 (c). We have consistently required that personal service must be made by an authorized person.

(Citations and punctuation omitted.) *Zimmerman v. Hammer*, 220 Ga. App. 864, 865 (470 SE2d 688) (1996). Thus, if service upon a defendant was made by an unauthorized person, the "purported service [was] a nullity" and was never properly perfected. *Heis v. Young*, 226 Ga. App. 739, 740 (4) (487 SE2d 403) (1997). See also *Merck v. Saint Joseph's Hosp. of Atlanta*, 251 Ga. App. 631, 631-632 (555 SE2d 11) (2001); *Mann v. Atlanta Cas. Co.*, 215 Ga. App. 747, 749 (452 SE2d 130) (1994). "That the defendant may have received a copy of the complaint and summons in connection with an attempted but invalid service does not suffice to afford the required notice of the action or dispense with a valid service." (Citation and punctuation

omitted.) *Heis*, 226 Ga. App. at 740-741 (4). See also *Clark v. Dennis*, 240 Ga. App. 512, 513 (2) (522 SE2d 737) (1999). Accordingly, the magistrate court's determination that service was made upon Waller by an unauthorized person rendered the original action void. See *Hobbs*, 264 Ga. at 360 (failure to perfect service renders an action void); *King v. Wal-Mart Stores*, 250 Ga. App. 103, 104 (550 SE2d 673) (2001) (judicial determination in original action that service had not been timely perfected rendered the action void).[3]

For the foregoing reasons, we conclude that the trial court correctly found that Lewis' suit against Horace Mann was incapable of renewal. The trial court did not err in dismissing Lewis' action against Horace Mann as time barred by the applicable statute of limitation.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 19, 2006.

*George C. Creal, Jr.*, for appellant.
*Sharon W. Ware & Associates, Keith R. Foster*, for appellees.

---

[3] Lewis contends that he reasonably and diligently attempted to serve Waller in the original action. But, "[i]t was [Lewis'] duty to insure that the person retained to effectuate service was authorized by law to do so," and the failure to carry out this duty exhibited a lack of due diligence on his part. *Mann*, 215 Ga. App. at 749. In any event, whether the plaintiff in the original action exercised due diligence in attempting to serve the defendant is not a consideration in determining if the original action is renewable; rather, the relevant consideration is whether service was in fact perfected. See *Stephens v. Shields*, 271 Ga. App. 141, 142 (608 SE2d 736) (2004).