## S09A1012. CAVENDER v. TAYLOR et al.

### (681 SE2d 139)

THOMPSON, Justice.

Appellant David Cavender appeals from the trial court's order granting a default judgment in favor of appellees Laura and James Taylor in this quiet title action. Finding no error, we affirm.

The record shows that on June 19, 2008, the Taylors filed a complaint to quiet title of certain real property located in Hall County, Georgia. The complaint was served on Cavender on July 1, 2008, and he filed his answer on August 5, 2008. On August 21, 2008, the Taylors moved for default judgment based on Cavender's failure to timely file an answer. See OCGA § 9-11-12 (a) (defendant shall serve answer within 30 days after service of summons and complaint). Cavender did not respond to the motion for default judgment. On September 11, 2008, the trial court found Cavender to be in default as a matter of law and entered a default judgment on the issue of whether the Taylors acquired an interest in the property through prescription. Because of some uncertainty caused by the language of the proposed default judgment order, however, the court denied the motion "as to the issue of exactly what that interest is." After a subsequent hearing, which Cavender did not attend, to determine the exact nature of the Taylors' interest, the court granted the motion for default judgment in its entirety and held that the Taylors acquired a fee simple interest in the property by prescription.

1. Relying on OCGA § 9-11-5 (b), which provides that *service* by mail is complete upon mailing, Cavender argues that his answer was timely *filed* on July 26, 2008, the date he placed it with the United States mail, and therefore it was error to enter a default judgment. We disagree. Our statutes provide that an answer shall be filed with the court within 30 days after the service of the summons and complaint. OCGA §§ 9-11-5 (d); 9-11-12 (a). No provision is made for extending the time for filing by mail. "Had the legislature intended to say filing by mail was permissible and should date from the date of mailing rather than the date of 'filing in the clerk's office' it would have so provided." *Hopkins v. Harris*, 130 Ga. App. 489, 491 (203 SE2d 762) (1973).

2. Cavender also argues that the trial court erred by failing to open the default. Under OCGA § 9-11-55 (b), a prejudgment default may be opened by a court, after payment of costs, for providential cause which prevented filing of the plea, for excusable neglect, or where a judge determines a proper case has been made for the default to be opened. There are four conditions precedent to opening default. The defendant must: (1) make a showing under oath; (2) offer to plead instanter; (3) announce ready to proceed with trial, and

(4) set up a meritorious defense. Id.; *Muscogee Realty Dev. Corp. v. Jefferson Co.*, 252 Ga. 400, 401 (314 SE2d 199) (1984). Compliance with the conditions of OCGA § 9-11-55 (b) is mandatory, and in its absence, the trial court has no discretion to open default. *Jesson v. GCH & Assocs.*, 248 Ga. App. 97 (545 SE2d 645) (2001).

Here, Cavender did not move the court to open the default, either as a matter of right or before final judgment based on providential cause or excusable neglect, he has not met the four conditions precedent, and he has not paid costs. See OCGA § 9-11-55 (a) and (b); *Copeland v. Carter*, 247 Ga. 542 (1) (277 SE2d 500) (1981) (trial court has no discretion to open default judgment where costs not paid). Accordingly, the trial court was without discretion to open default. Id.

The default judgment having been properly entered, all material allegations in the complaint were deemed admitted, including those establishing the Taylors' adverse possession of the property under color of title for seven years, and it was not error for the court to hold that the Taylors acquired a fee simple interest in the property by adverse possession. See OCGA §§ 44-5-161; 44-5-164; 44-5-172.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 29, 2009 —
RECONSIDERATION DENIED JULY 28, 2009.

David A. Cavender, *pro se.*
*Coleman & Chambers, James C. Rogers*, for appellees.