**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**November 18, 2014**

# In the Court of Appeals of Georgia

A14A1004. KELLY v. HARRIS, et al.

DILLARD, Judge.

In this civil action arising from an automobile accident, Thomas Kelly appeals the trial court's grant of summary judgment to GEICO, his insurance carrier. On appeal, Kelly argues that the trial court erred in finding that GEICO was not in default for its untimely answer, that the notice provision of GEICO's insurance policy was unambiguous, and that he failed to comply with the policy's notice provision as a matter of law. For the reasons set forth *infra*, we conclude that the trial court erred in finding that GEICO was not in default, and thus, we vacate the trial court's orders denying Kelly's motion for a default judgment and granting summary judgment to GEICO and remand for further proceedings consistent with this opinion.

Viewed in the light most favorable to Kelly (*i.e.*, the nonmoving party),[1] the record shows that on May 25, 2011, Kelly and Joseph Harris, an uninsured motorist, were involved in an automobile accident. Subsequently, on October 30, 2012, Kelly filed a complaint for negligence against Harris, alleging that he did not yield when turning left directly into Kelly's path, thereby causing the collision.

At the time of the accident, Kelly was insured by GEICO with a policy that provided uninsured motorist coverage. On February 13, 2012, Kelly notified GEICO that he intended to file an insurance claim arising from the accident. After filing his complaint against Harris on October 30, 2012, Kelly served GEICO with a copy of the summons and complaint on November 5, 2012.

GEICO filed an answer on February 14, 2013, joining the civil action as a named defendant. On July 29, 2013, GEICO moved for summary judgment, arguing that Kelly could not prevail because he failed to comply with the notice provision of his insurance policy, which required that he notify GEICO "as soon as possible after the accident." Specifically, GEICO argued that Kelly's notice was untimely as a

---

[1] *See, e.g.*, *McCaskill v. Carillo*, 263 Ga. App. 890, 890 (589 SE2d 582) (2003) ("On appeal from the grant or denial of a motion for summary judgment, we review the evidence de novo, and all reasonable conclusions and inferences drawn from the evidence are construed in the light most favorable to the nonmovant.").

matter of law because it was provided more than eight months after the accident. Kelly responded, arguing that GEICO was in default for filing an untimely answer and, regardless, its notice provision was ambiguous and thus unenforceable. GEICO later withdrew its motion for summary judgment and filed a notice of election to proceed in the name of Harris, the uninsured motorist, instead of in its own name. Kelly objected to GEICO's notice of election, and GEICO responded by withdrawing the notice and renewing its initial motion for summary judgment. Kelly then filed a motion for default judgment against GEICO, which the court denied. Then, after a hearing, the court granted GEICO's renewed motion for summary judgment. This appeal follows.

To begin with, we note that summary judgment is appropriate when "the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."[2] A defendant meets this burden when the court is shown that "the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue

---

[2] *Albertson v. City of Jesup*, 312 Ga. App. 246, 248 (718 SE2d 4) (2011) (punctuation omitted).

on at least one essential element of the plaintiff's case."[3] Finally, if the moving party satisfies this burden, "the nonmoving party cannot rest on its pleadings, but must point to specific evidence giving rise to a triable issue."[4] With these guiding principles in mind, we turn now to Kelly's enumerations of error.

1. Kelly first argues that the trial court erred in finding that GEICO was not in default for filing an untimely answer. Specifically, he contends that the court erroneously relied upon a typographical error contained in *Lewis v. Waller*[5] to conclude that GEICO's answer was timely.

We agree with Kelly that, in finding that GEICO's answer was timely filed, the trial court relied upon a typographical error in *Lewis.* Indeed, in its order granting summary judgment, the trial court quoted our opinion in *Lewis*, which notes that "to the extent that the [uninsured motorist carrier ("UMC")] purports to act directly in its own name, its answer is timely if filed within 30 days from service of the *answer* and complaint *upon the UMC*."[6] And in relying upon this language, the trial court found

---

[3] *Id.* (punctuation omitted).

[4] *Id.* (punctuation omitted).

[5] 282 Ga. App. 8 (637 SE2d 505) (2006).

[6] *Id.* at 12 (1) (b) (emphasis supplied in part).

4

that GEICO was not in default because its answer was timely filed within 30 days of Harris's answer. However, in the above-cited quote from *Lewis*, the phrase "*answer and complaint*" should actually read "*summons* and complaint," and we take this opportunity to acknowledge and correct this typographical error.

At the outset, we note that immediately following the above-cited language from *Lewis*, we concluded that the UMC's answer was timely because it was filed within 30 days of when the UMC was served with "the *summons* and complaint."[7] And in support of this conclusion in *Lewis*, we cited *Home Indemnity Co. v. Thomas*,[8] which held that,

> to the extent that [an insurer] may purport to act directly in its own name, and thereby elect to assume the status of a named party, we think the rules of practice and procedure apply to it commencing when service is perfected as though actually named as a party defendant, and thus, to preserve its rights as to this status, it must act within the time provided by law to avoid default, and failing to do so, it is in no better position than a defaulting party.[9]

---

[7] *Id.* (emphasis supplied).

[8] 122 Ga. App. 641 (178 SE2d 297) (1970); *see Lewis*, 282 Ga. App. at 12 (1) (b).

[9] *Home Indem. Co.*, 122 Ga. App. at 641; *see also* OCGA § 9-11-1 ("This chapter governs the procedure in all courts of record of this state in all actions of a

5

Accordingly, *Lewis* and *Home Indemnity Co.* firmly establish that, once GEICO was served with the summons and complaint, it was then subject to Georgia's rules of practice and procedure that apply to every other litigant.[10] Indeed, such a result is entirely consistent with our Supreme Court's conclusion that, "[a]lthough [a] UMC should not be placed in a worse position than the alleged tortfeasor for whose negligence it may ultimately be held financially responsible, it likewise should not be placed in a better position."[11]

Here, GEICO was served with the complaint on November 5, 2012, but it filed its answer 101 days later on February 14, 2013. And in Georgia, a defendant shall serve his answer "within 30 days after the service of the summons and complaint

---

civil nature whether cognizable as cases at law or in equity, with the exceptions stated in Code Section 9-11-81."); *cf. Hall v. Regal Ins. Co.*, 202 Ga. App. 511, 513 (414 SE2d 669) (1991) ("The right [of an uninsured motorist carrier] to participate directly in the proceedings includes the right to engage in discovery in accordance with the provisions of applicable discovery statutes.").

[10] *See Lewis*, 282 Ga. App. at 12 (1) (b); *Home Indem. Co.*, 122 Ga. App. at 641.

[11] *Stout v. Cincinnati Ins. Co.*, 269 Ga. 611, 612 (502 SE2d 226) (1998) (punctuation omitted).

upon him, unless otherwise provided by statute. "[12] Moreover, to avoid a default judgment, a party must move to open the default as a matter of right within the next 15 days after defaulting or at any time before a final judgment subject to the trial court's discretion.[13] Thus, contrary to the trial court's findings, GEICO was indeed in default because it filed its answer well over 30 days after it received service of the complaint, and it never moved to open default under OCGA § 9-11-55 (a) or (b).[14]

Then, after relying upon the typographical error in *Lewis* to determine that GEICO's answer was timely, the trial court further found that because the Uninsured Motorist Act[15] allows a UMC to file no answer whatsoever, subjecting a UMC to default for filing a late answer would lead to the "illogical result" that a UMC filing an answer after 30 days would be in a worse position than a UMC that never files an answer. And similarly, GEICO argues on appeal that allowing a UMC to default for

---

[12] *See* OCGA § 9-11-12 (a); *see also Cavender v. Taylor*, 285 Ga. 724, 724 (1) (681 SE2d 139) (2009).

[13] OCGA § 9-11-55 (a), (b).

[14] We do not fault the trial court for relying upon the typographical error contained in *Lewis*. Any fault in that regard lies squarely with this Court.

[15] *See* OCGA § 33-7-11 *et seq*.

7

filing a late answer would "unravel the flexibility" provided to insurance companies under OCGA § 33-7-11 (d). We disagree.

In relevant part, Georgia's Uninsured Motorist Act requires that, in personal-injury actions in which a defendant is known or reasonably believed to be an uninsured motorist, the plaintiff must serve his or her insurer with a copy of the complaint.[16] Further, in the case of a known owner or operator of an uninsured vehicle, "either or both of whom are named as a defendant in such action, the insurance company issuing the policy *shall have the right* to file pleadings and take other action allowable by law in the name of either the known owner or operator or both or itself."[17] Thus, under the plain language of the statute, once a UMC is served with a complaint against an uninsured motorist, it has the *option* to join that action by filing an answer, but it is not required to do so.[18] And if the UMC elects not to join as a party, it may then litigate its contract disputes separately in any "action allowable

---

[16] *See* OCGA § 33-7-11 (d).

[17] *See id*. (emphasis supplied).

[18] *See Singleton v. Phillips*, 229 Ga. App. 286, 288 (2) (494 SE2d 66) (1997) (noting that under OCGA § 33-7-11 (d), a UMC may "*elect* to become a party to the case by filing an answer in its own name").

8

by law."[19] As such, while we certainly agree that the Uninsured Motorist Act gives insurance companies wide latitude in deciding whether to join a lawsuit against an uninsured motorist, GEICO cites to no statutory language or case law (and we find none) remotely suggesting that once a UMC *voluntarily* becomes a party to a lawsuit it is exempt from fully complying with the dictates of the Civil Practice Act. Moreover, requiring UMCs to follow such practices and procedures in no way "unravels" the flexibility that they are afforded under the Uninsured Motorist Act. Indeed, requiring UMCs to follow the same rules of civil procedure that apply to every other litigant does not limit or impede their ability under that statutory framework to opt-in or opt-out of litigation. In any event, GEICO's contention that a UMC can never be in default is directly at odds with our prior decisions in *Lewis* and *Home Indemnity, Co.*, which hold otherwise and govern the outcome of this appeal.[20]

In sum, the trial court's orders denying Kelly's motion for a default judgment and granting GEICO's motion for summary judgment were premised, at least in part,

---

[19] OCGA § 33-7-11 (d).

[20] *See Lewis*, 282 Ga. App. at 12 (1) (b); *Home Indem. Co.*, 122 Ga. App. at 641.

on the trial court's reliance upon a typographical error in *Lewis* and its erroneous belief that a UMC can never be in default. As such, we vacate those orders and remand the case for the trial court to determine whether GEICO's default should stand and then proceed accordingly based on that determination.

2. Given our holding in Division 1, *supra*, we need not address Kelly's argument that the trial court erred in resolving the contract disputes in GEICO's favor.

For all of the foregoing reasons, we vacate the trial court's denial of Kelly's motion for a default judgment and its grant of GEICO's motion for summary judgment and remand for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. Doyle, P. J., and Miller, J., concur.*