297 Ga. 359
FINAL COPY

S15Y0904. S15Y0905. IN THE MATTER OF MELISSA JILL STARLING
(two cases).

PER CURIAM.

These disciplinary matters are before the Court on the Reports and Recommendations of the Special Master, Jack J. Helms, Jr., in which he recommends that Respondent Melissa Jill Starling (State Bar No. 676630) be disbarred for her violations of Bar Rules 1.3, 1.4, 1.16 (b), 1.16 (d) and 3.2 in S15Y0904, and Rules 1.3, 1.4 and 1.16 (d) in S15Y0905, see Georgia Rules of Professional Conduct, Bar Rule 4-102 (d).

## Case No. S15Y0904

In this case, a client paid Starling $1,000 in October 2008 to represent her in a personal injury claim. Two weeks later Starling sent a letter to opposing counsel describing the client's injuries and in February 2009 Starling sent a letter with copies of medical bills related to the injuries to State Farm Insurance Company's representative. In July 2009 Starling participated in a phone conference in which her client provided a recorded statement to the representative, and the next day Starling sent a letter to the representative stating

that she was enclosing diagnostic notes and other documents relating to her client's expenses. In December 2009 Starling sent a letter to a Cincinnati Insurance Company representative demanding settlement in the amount of $40,000. In April 2010 the State Farm representative advised Starling that payment of medical expenses was available up to $5,000. In May 2010 Starling replied that she would initiate litigation if there was no settlement offer, but she did not inform her client that she was demanding $40,000, nor did she discuss negotiation and alternate settlement with her client. The client obtained and paid for her medical records and provided them to Starling, but Starling did not forward them to the claims representative and did not consistently respond to his calls. Starling did not file a complaint on her client's behalf even though she believed the statute of limitations would expire on or about June 15, 2010. On or about July 22, 2010, after the limitations period had expired, Starling asked her client to sign a verification for the complaint, which she did the next day. Shortly thereafter, however, Starling called her client and told her that she would not pursue the litigation and sent her a copy of the unfiled complaint with no further explanation.

The State Bar filed a Formal Complaint against Starling, who

acknowledged service on August 10, 2012, but she did not submit an answer within 30 days as required under Bar Rule 4-212. On January 17, 2013, the State Bar filed a motion for default pursuant to Bar Rule 4-212 (a). On February 15, 2013, Starling faxed a Motion for Extension of Time to File Answer to the special master, but she did not file it with the Clerk of the State Disciplinary Board or serve it on Bar counsel. The special master found that the motion, which was not supported by a brief, does not set forth a legally sufficient explanation for Starling's failure to file a timely answer. Although she mentioned health problems, she did not provide any documentation in support. The special master granted the State Bar's motion for default and found that the facts alleged and violations charged in the Formal Complaint are deemed admitted. He held that Starling violated Rule 1.2 by failing to adequately discuss and allow her client to make decisions regarding settlement options; violated Rule 1.3 by failing to file an action on her client's behalf before the statute of limitations expired and abandoning the representation without taking any action to protect her client's interests; violated Rule 1.4 by failing to maintain reasonable communications with her client; violated Rule 1.16 (b) and (d) by terminating the representation without good cause, failing to provide

adequate notice and failing to take any steps to protect her client's interest; and violated Rule 3.2 by failing to file her client's complaint within the required time. In aggravation of discipline the special master noted Starling's 1993 Investigative Panel reprimand and the disciplinary matter pending against her in S15Y0905. Because Starling's client suffered the loss of her claim due to Starling's failure to take action to meet or preserve the statute of limitations, and lost any opportunity for reimbursement of her medical expenses due to Starling's failure to convey the insurer's offer, the special master deemed her a danger to the public and recommended in his September 8, 2014 report that she be disbarred.

On September 29, 2014, after the special master issued his report, Starling filed an untimely response to the motion for default seeking an extension of time, but without citing any legal authority. To afford Starling every opportunity, the special master liberally construed the filing as a motion to open default and scheduled a hearing that was held on January 12, 2015. Prior to the hearing Starling was advised that she would need to address the statutory requirements for opening default, see OCGA § 9-11-55 (b), but the special master noted that at the hearing she "continued to display an alarming lack of

familiarity with fundamental legal procedure." She acknowledged that she did not file an answer because she did not take the Formal Complaint seriously, but blamed others for her lack of concern, did not file a formal motion to open default, and did not show any legal basis for opening default. In her motion for extension of time Starling stated that it was based on illness that had taken her out of the county since May 2013 before the filing of the Formal Complaint. But the Formal Complaint was filed in July 2012, she acknowledged service in August 2012, and her answer was due in September 2012. The special master applied OCGA § 9-11-55 (b), see In the Matter of Turk, 267 Ga. 30 (1) (471 SE2d 842) (1996) (OCGA § 9-11-55 (b) applies in disciplinary proceedings) and found that Starling did not properly seek to open default before final judgment, and her submission did not meet the requirements to open default as she did not provide any sworn statements, affidavits or other admissible evidence regarding how her health may have prevented her from filing a timely answer, nor had she set up a meritorious defense as her untimely answer contained only general denials. Absent compliance with the conditions to open default, the special master held that he lacked discretion to grant that request. See Jesson v. GCH & Assocs., 248 Ga. App. 97 (1) (545 SE2d 645) (2001).

And even if the conditions precedent could be waived, the special master opined, Starling did not establish any basis on which default could be opened as she did not show providential cause, excusable neglect or a proper case to authorize opening the default. See <u>Turk</u>, 267 Ga. at 30. The special master concluded that Starling displayed a consistent inability or unwillingness to comply with the disciplinary rules and the Georgia Civil Practice Act, and that her failure to do so when her own license to practice law is at issue reflects an inability to competently represent others and mirrors her complete lack of diligence to her client's great detriment in this matter. For those reasons, the special master denied the motion for extension and request to open default, and affirmed the recommendation in his report that Starling be disbarred.

## Case No. S15Y0905

In this matter, a client retained Starling to represent him on an aggravated stalking charge. She filed an entry of appearance and request for discovery in September 2012. In response to an arraignment calendar, Starling filed a request for a continuance due to her hospitalization. An appointed counsel entered a not guilty plea on the client's behalf. Starling did not communicate with the client during the representation, did not visit him, and did not respond to his letters

6

requesting a bond hearing and motion for speedy trial. After six months of no communication the client hired another attorney, who obtained a consent order for bond and in August 2013, a judgment of nolle prosequi. Starling never filed a motion to withdraw from the case nor refunded any of the $750 fee despite her client's request for a refund. The special master found that Starling violated Rule 1.3 by failing to take action on her client's case; violated Rule 1.4 by failing to maintain reasonable communication with her client; and violated Rule 1.16 (d) by failing to file a motion to withdraw or refund the unearned fee. As he did with S15Y0904, the special master viewed this case in light of the other pending matter, and determined that Starling's conduct presents a pattern of lack of diligence in which her clients suffer harm. The special master again noted Starling's prior disciplinary history as an aggravating factor and recommended that she be disbarred.

As in S15Y0904, Starling did not file a response to the Formal Complaint filed on June 2, 2014, and the State Bar filed a motion for default judgment. She again filed an untimely answer on August 4, 2014, and then a response to the motion for default and request for extension of time three weeks after the special master issued his report. The special master held a combined hearing on both

7

matters. Regarding the instant case, Starling stated that when she was served with the Formal Complaint, "I was still under the impression that it was less than formal," which the special master found incredible, given that a default motion had been pending against her in S15Y0904 for over a year and she had been interim suspended in February 2014 for failure to respond. Although she also stated that by February and March of 2014 she was taking everything very seriously, the special master found that statement irreconcilable with her statement that when served with the Formal Complaint in June 2014, she still felt it was "less than formal." The special master made the same findings as to Starling's failure to ever file a formal motion to open default, and failure to establish any of the legal conditions or grounds for opening default. He reached the same conclusions, denied Starling's motion for extension of time and request to open default, and affirmed his recommendation of disbarment.

We have reviewed the records in these cases, and agree with the special master's thoughtful and thorough reports and orders that disbarment is the appropriate sanction in these matters. For all the reasons set forth above, we hereby order that the name of Melissa Jill Starling be removed from the rolls of persons entitled to practice law in the State of Georgia. She is reminded of her

8

duties under Bar Rule 4-219 (c).

Disbarred.  All the Justices concur.

Decided June 15, 2015.

Disbarment.

Paula J. Frederick, General Counsel State Bar, A. M. Christina Petrig, Assistant General Counsel State Bar, for State Bar of Georgia.