72581. BRYAN v. FEDERAL EXPRESS CORPORATION.
(348 SE2d 705)

CARLEY, Judge.

Appellee-plaintiff filed suit against appellant-defendant, seeking to recover $6,616.44 on open account. Appellant answered, raising several affirmative defenses and denying the indebtedness. Appellee subsequently moved for summary judgment, supporting its motion by an affidavit with business records attached thereto. Thereafter, the only papers filed in the case by appellant's counsel were in connection with his request for permission to withdraw from appellant's representation. See Rule 4.3 of the Uniform Rules for the State Courts (Rules). On December 18, 1985, the trial court granted appellant's counsel permission to withdraw. A hearing on appellee's motion for summary judgment was conducted on January 10, 1986. At that time, appellant had not secured the services of another attorney and nothing in opposition to the motion had been filed on her behalf. Apparently, appellant sought to continue the hearing based upon her lack of legal representation. However, the trial court conducted the hearing and, based upon the supporting affidavit submitted by appellee, granted summary judgment in appellee's favor for the full amount sought. It is from this order that appellant brings the instant appeal.

1. Appellant asserts that the trial court "erred by failing to continue its consideration of [appellee's] Motion for Summary Judgment after granting [her] attorney's Motion to be Relieved as Counsel." In this regard, appellant does not contend that she did not receive all such notification to which she was entitled pursuant to the Rules. Appellant advances no reason why, in the exercise of diligence, she could not have secured legal representation prior to the hearing on the motion. Although represented by counsel on appeal, there is still no suggestion of what, if any, evidence might have been but was not filed in opposition to appellee's motion.

"Neither sudden withdrawal of retained counsel nor lack of preparation of new counsel is ipso facto a ground for continuance. The conduct of the party is obviously relevant and is a proper considera-

tion for the judge in the exercise of his discretion. [Cit.]" *Huckaby v. State*, 127 Ga. App. 439, 440 (194 SE2d 119) (1972). Although the formal request of counsel for withdrawal pursuant to the Rules was not submitted to the trial court until December of 1985, the record does show that, for a period of several months, appellant had been aware that her retained counsel planned to withdraw for lack of payment of attorney fees. Appellant apparently neither paid her retained counsel nor undertook to employ new counsel prior to the hearing on appellee's motion. "It has been held that where a party has had several months in which to employ counsel and neglects to do so, no continuance will be granted for such reason. [Cit.]" *McLendon v. State*, 123 Ga. App. 290, 295 (180 SE2d 567) (1971). The trial court did not abuse its discretion in refusing to continue the hearing which had been set on appellee's motion. See generally *Gunn v. Gunn*, 95 Ga. 439 (1) (22 SE 522) (1894).

2. Appellant's assertion that appellee's supporting affidavit and business records attachments were "not legally admissible evidence" is without merit. See *Vaughn & Co. v. Saul*, 143 Ga. App. 74, 78-79 (237 SE2d 622) (1977). Compare *Thomasson v. Trust Co. Bank*, 149 Ga. App. 556 (254 SE2d 881) (1979).

3. Appellant contends that the evidence supporting appellee's motion was insufficient to authorize the grant of summary judgment in the amount of $6,616.44.

Appellant was sued as "Patsy O. Bryan d/b/a International Visa Service." Appellant's answer did not deny that she does or did business as "International Visa Service." Most, but not all, of the statements of account attached as business records to appellee's affidavit were in that trade name. From their headings, several indicate that they are statements of the account of "World Explorers." There is no evidence of record whatsoever to indicate a connection between appellant and the "World Explorers" account except for the fact that the business address given for that account is the same as the business address given for the "International Visa Service" account. Compare *Hanna Creative Enterprises v. Alterman Foods*, 156 Ga. App. 376 (1) (274 SE2d 761) (1980). Contrary to appellee's assertions on appeal, the evidentiary burden was upon it, as the plaintiff-movant for summary judgment, to show that the documentary evidence of the indebtedness of "World Explorers" was in fact evidence of a debt owed by appellant. See *Hanna Creative Enterprises v. Alterman Foods*, supra; *McLoon v. Amoco Oil Co.*, 155 Ga. App. 416 (3) (271 SE2d 4) (1980); *Peachtree North Apts. v. Arkhora Assoc.*, 140 Ga. App. 20, 21 (2) (230 SE2d 83) (1976). This burden was not met.

Under the record before us, there is no genuine issue of material fact as to appellant's liability to appellee for the unpaid account of "International Visa Service." Accordingly, we will affirm the judgment

on condition that, within ten days of the filing of the instant remittitur in the trial court, appellee write off from the judgment those amounts listed on the statements of the account of "World Explorers" that are attached to its supporting affidavit. If appellee elects not to write off these amounts, the order granting summary judgment in favor of appellee will stand reversed and further proceedings in the trial court will be necessary.

*Judgment affirmed on condition. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

*Michael A. Kessler*, for appellant.
*Teresa M. Wright*, for appellee.