A00A1519. MALAVE v. ALLSTATE INSURANCE COMPANY.
(541 SE2d 420)

POPE, Presiding Judge.

This case raises a question regarding service on an uninsured motorist carrier in a renewal action under OCGA § 9-2-61. Following *Stout v. Cincinnati Ins. Co.*, 269 Ga. 611 (502 SE2d 226) (1998), we hold that service on an uninsured motorist carrier (UMC) in a valid renewal action filed after the running of the statute of limitation is valid even though the carrier was not served in the original action.

---

[24] Id. at 902.
[25] Id. at 903.

On June 8, 1997, Orlando Malave was in an automobile accident with Amy Sue Lescrynski.[1] On June 7, 1999, one day before the expiration of the statute of limitation, Malave filed suit against Lescrynski. Lescrynski's summons was returned without service on June 7, 1999. Malave eventually served Lescrynski five months later.

Malave had automobile liability insurance coverage, including uninsured motorist coverage, with Allstate Insurance Company. The accident report stated that Lescrynski had no insurance. Further, on November 2, 1999, counsel for Malave spoke with Lescrynski and admits he learned she did not have insurance coverage for the accident. Although Allstate received a letter regarding the suit, it was never served with a copy of the summons and complaint in that case. Allstate made a special appearance and requested dismissal from the suit on the grounds that it had never been served. Malave finally served Lescrynski, but shortly thereafter, on November 5, 1999, Malave dismissed his original case without prejudice. On November 12, 1999, he refiled his suit and this time served Allstate. Allstate again moved to dismiss, and the court granted the motion.

The trial court granted Allstate's motion on the grounds that Allstate was not served within the applicable two-year statute of limitation nor at anytime during the first lawsuit and Malave knew the defendant was uninsured while the first case was pending. Malave contends that because he served Allstate in the renewal action, service on Allstate was proper.

Service on the UMC has been the subject of some debate, and *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162 (377 SE2d 853) (1989), attempted to resolve the debate by creating a bright-line rule requiring plaintiffs to serve the UMC in every case. However, the Supreme Court established a new rule in *Stout v. Cincinnati Ins. Co.*, 269 Ga. 611, and that decision controls here.

OCGA § 33-7-11 (d) provides that in cases where there is a reasonable belief that the vehicle is uninsured, "a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though the insurance company were actually named as a party defendant." But, as stated in *Stout*, "OCGA § 33-7-11 (d) does not require service for the purpose of making the UMC a party to the underlying tort action." *Stout*, 269 Ga. 611. Rather, "service is intended only to give the UMC 'notice of

---

[1] Malave has failed to support his appeal with any citations to the record as required by Court of Appeals Rule 27 (a) (1) and (c) (3) (i). "It is not the function of this court to cull the record on behalf of a party in search of instances of error. The burden is upon the party alleging error to show it affirmatively in the record." (Citation and punctuation omitted.) *Bergmann v. McCullough*, 218 Ga. App. 353, 355-356 (3) (461 SE2d 544) (1995). However, the record is short and the appellee's brief contains thorough references to the record.

the existence of a lawsuit in which it ultimately may be held financially responsible.' [Cit.]" Id. at 611-612. Accordingly, in *Stout*, the Supreme Court held, "a plaintiff can wait to serve a UMC until he files a valid renewal suit after the running of the statute of limitation." Id. at 611. Thus, Malave served Allstate in a timely manner.

The trial court distinguished *Stout* on the ground that in that case the plaintiff did not learn that the defendant's carrier was insolvent and therefore that the defendant was uninsured, until after the running of the statute. But, a review of the reasoning of *Stout* and *U. S. Fidelity &c. Co. v. Reid*, 268 Ga. 432 (491 SE2d 50) (1997), upon which *Stout* relies, shows that the trial court's distinction in this case is not supported.

*Stout* held that Stout's service on the UMC in the renewal action after the statute of limitation had run was valid even though she had not served the UMC in the original action. The defendant had been properly served in the original action. The Supreme Court reasoned that the UMC could not assert a statute of limitation defense that would not have been available to the named party defendant. Id. at 612. In the high court's words: "it is the validity of the service of the underlying lawsuit on the defendant which must necessarily control." Id. To allow the UMC to assert a statute of limitation defense when the defendant could not would put the UMC in a better position than the tortfeasor: "Although the UMC should not be placed in a worse position than the alleged tortfeasor for whose negligence it may ultimately be held financially responsible, it likewise should not be placed in a better position." Id.

The same applies here. There is no indication or ruling in the record that service on Lescrynski was improper in the original or renewal actions. Compare *Brown v. State Farm &c. Ins. Co.*, 242 Ga. App. 313-314 (1) (529 SE2d 439) (2000) (case properly dismissed on UMC's motion where defendant was not properly served). To allow Allstate to obtain a dismissal in the renewal action when Lescrynski herself could not would put Allstate in a better position. The fact that Malave knew that Lescrynski was uninsured while the first action was pending does not change this reasoning.

Allstate contends the original action was void because Allstate was not served and that therefore the renewal was not proper. It is true that "the privilege of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable." (Citations and punctuation omitted.) *Reid*, 268 Ga. 432. But as pointed out in *Reid*, in determining whether the UMC was validly made a party to the renewal action, the issue is not whether the previous suit was void or voidable as to each entity served in the renewal suit. "Instead, the issue is whether the previous suit itself was or was not 'wholly void.'" Id.

Like in *Reid*, the original suit in this case was not wholly void because the defendant was served and the trial court did not enter an order of dismissal. Id. Nothing in *Reid* indicates that the plaintiff's knowledge that the defendant is uninsured affects this reasoning.

Thus, following *Stout* and *Reid*, we hold that Allstate has been properly served in accordance with OCGA § 33-7-11 (d). Accordingly, the trial court's order dismissing Allstate was erroneous.

*Judgment reversed. Miller and Mikell, JJ., concur.*

DECIDED OCTOBER 27, 2000 —
RECONSIDERATION DENIED NOVEMBER 14, 2000 —

*Clark & Clark, Fred S. Clark, Shari L. Smith,* for appellant.
*Webb, Carlock, Copeland, Semler & Stair, Frederick M. Valz III, William T. Johnson,* for appellee.