## A05A0932. JOHNSON v. THE STATE.
(619 SE2d 488)

ELLINGTON, Judge.

In December 1992, a Bartow County jury convicted John A. Johnson of five counts of armed robbery, OCGA § 16-8-41, and three counts of aggravated assault, OCGA § 16-5-21.[1] The trial court sentenced him to life imprisonment. Johnson filed a petition for declaratory judgment in September 2004, asking the trial court to find his sentence illegal and void. The trial court denied the petition after concluding the life sentence was authorized by statute. Johnson appeals and, finding no error, we affirm.

1. Johnson contends the trial court's order denying his petition for declaratory judgment cannot stand because the court did not specifically address each of his arguments in the petition and did not "articulate any legal reasoning or precedent" when it denied his petition, other than finding that Johnson's sentences were authorized by statute. Johnson has failed to cite to any authority to support his contention on appeal, however, and it is deemed abandoned. See Court of Appeals Rule 25 (c) (2).

2. Regarding the merits of Johnson's petition, Johnson claims that the trial court erred in sentencing him to life imprisonment, because he was only convicted of three counts of armed robbery, not five, and was a first offender, not a recidivist. Further, he argues there were no aggravating circumstances to enhance sentencing in this case and that the trial court judge improperly injected his negative personal feelings about Johnson during sentencing.

The record on appeal, however, contains only Johnson's declaratory judgment petition, his brief in support thereof, and the trial court's ruling. It does not contain a copy of his indictment, a trial transcript, a transcript of the sentencing phase of the trial, a copy of his sentencing document showing the crimes for which he was

---

[1] This Court affirmed Johnson's convictions in an unpublished opinion of this Court, and the Supreme Court of Georgia denied his writ of certiorari.

convicted and sentenced, or any other document or evidence to support Johnson's contentions on appeal.

> The burden is always on the appellant in asserting error to show it affirmatively by the record. This court will not consider factual assertions in the brief unsupported by the record. Neither will we assume error. Since this is a court for correction of errors of law, our decision must be made upon the record and not upon [appellate] briefs. . . . Where there is nothing in the record to support the contention of error, there is nothing presented to this court for review.

(Citations and punctuation omitted.) *Kellam v. State*, 271 Ga. App. 125, 126-127 (608 SE2d 729) (2004). Accordingly, Johnson has failed to support his claims regarding the trial court's bias and the absence of aggravating circumstances to support his life sentence.

Further, even if Johnson's contentions regarding his criminal history and the number of armed robberies he committed are true, his argument that the trial court was not authorized to sentence him to life imprisonment because he was not a recidivist fails. This issue has been resolved against him in *Worley v. State*,[2] wherein the Supreme Court of Georgia found that a trial court was authorized to sentence a defendant to life imprisonment for armed robbery, even when the defendant was not a recidivist. And Johnson was not eligible to be sentenced as a first offender, because such treatment is not available for a conviction for armed robbery. OCGA § 17-10-6.1 (b).

3. Finally, Johnson contends that the applicable sentencing statutes are unconstitutionally void for vagueness. The record does not show that this issue was raised and ruled upon in the trial court, however, so there is nothing to review. *Frank v. State*, 257 Ga. App. 164, 167 (3) (570 SE2d 613) (2002).

*Judgment affirmed. Smith, P. J., and Adams, J., concur.*

DECIDED AUGUST 1, 2005.

John A. Johnson, *pro se.*

*T. Joseph Campbell, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.

---

[2] 265 Ga. 251, 253 (1) (454 SE2d 461) (1995).