## A06A1654. REBUELTA v. NKPA.
(636 SE2d 42)

PHIPPS, Judge.

Shortly before expiration of the applicable two-year statute of limitation, Manuel Rebuelta sued Ndukewaonum Nkpa for negligence arising from an automobile collision. About five months after filing suit, Rebuelta effected service on Nkpa. Over six months later, he served his own uninsured motorist carrier (UMC), Allstate Insurance Company. Allstate moved to dismiss based on Rebuelta's lack of due diligence in serving it within the statute of limitation. The state court granted Allstate's motion to dismiss.

"A trial court's finding of insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is any evidence to support them."[1] Finding no abuse of discretion here, we affirm.

Rebuelta sued Nkpa on December 8, 2003, for negligently causing their automobile collision on or about December 10, 2001. After being served with process on May 12, 2004, Nkpa filed an answer asserting as a defense that Rebuelta had failed to exercise due diligence in obtaining service of process on him after the running of the two-year statute of limitation.

On February 14, 2005, Rebuelta served Allstate in its capacity as his UMC. Allstate filed an answer asserting a statute of limitation defense in its own right. The court entered an order granting Allstate's motion to dismiss because of Rebuelta's lack of due diligence in perfecting service of process on Allstate within the statute of limitation. Rebuelta filed a notice of direct appeal, which we dismissed because the appeal was not from a final judgment. Rebuelta then filed a motion in the state court to amend the dismissal order so as to certify it as final pursuant to OCGA § 9-11-54 (b). The court did so. Rebuelta now appeals the order as amended. His appeal requires us to examine the 1998 amendment to OCGA § 33-7-11 (d), as well as the pre-1998 version of the statute as applied in *Stout v. Cincinnati Ins. Co.*[2] and *Malave v. Allstate Ins. Co.*[3]

The pre-1998 version of OCGA § 33-7-11 (d) required all pleadings to be served upon the UMC "as though such insurance company were actually named as a party defendant" in any case where either

---

[1] *Patel v. Sanders*, 277 Ga. App. 152, 153 (1) (626 SE2d 145) (2006) (citations, punctuation and emphases omitted).

[2] 269 Ga. 611 (502 SE2d 226) (1998).

[3] 246 Ga. App. 783 (541 SE2d 420) (2000).

the owner or operator of a vehicle causing injury or damage is named as a defendant in an action for such injuries or damages.[4]

The plaintiff in *Stout v. Cincinnati Ins. Co.*[5] filed suit in such a case and timely served the driver and owner of the other vehicle. After the statute of limitation had run, the plaintiff discovered that the defendants' liability insurer was insolvent. The plaintiff then dismissed her suit but later filed a renewal action in which her UMC was served. The UMC moved to dismiss because it had not been served with the original action within the statute of limitation. The trial court granted the motion to dismiss and we affirmed. The Supreme Court granted certiorari, however, and reversed.

The Court reasoned that since OCGA § 33-7-11 (d) requires service on the UMC simply to give it notice of the suit and not for the purpose of actually making it a party defendant, it is the validity of the service of the underlying lawsuit on the defendant which controls. The Court therefore concluded that "[i]f the defendant was validly served within an authorized time period, then it follows that the UMC also can be served *within that same time period*."[6] The Court thus denied the UMC an independent statute of limitation defense because of its nonparty status and held that "there is no reason why service is not permissible on the UMC at any time within which valid service could be made on the defendant."[7]

In a special concurrence in *Stout*, then Presiding Justice Fletcher stated that rather than exempting suits against UMCs from any statute of limitation requirement, he would adopt a rule requiring plaintiffs to serve the UMC " 'as soon as reasonably possible *after* becoming aware, by whatever means, that there is a substantive doubt as to the existence of adequate insurance coverage of an event that might become the subject of an uninsured motorist claim.' "[8] That rule was initially suggested by then Justice Weltner in his dissenting opinion in *Bohannon v. J. C. Penney Cas. Ins. Co.*[9] In a dissenting opinion in *Stout*, then Chief Justice Benham expressed his view that formulation of such a rule " 'is a task that is better left to the legislature.' "[10]

In *Malave v. Allstate Ins. Co.*,[11] as in *Stout*, the plaintiff filed a renewal action without having served the UMC in the original suit.

---

[4] Ga. L. 1975, p. 1221, § 1.

[5] Supra.

[6] 269 Ga. at 612 (emphasis supplied).

[7] Id. (citation omitted).

[8] Id. at 613 (citation omitted; emphasis in original).

[9] 259 Ga. 162, 163-164 (377 SE2d 853) (1989).

[10] *Stout*, supra at 614, citing *Bohannon*, supra at 163.

[11] Supra.

But the plaintiff in *Malave*, unlike the plaintiff in *Stout*, knew that the defendant was uninsured when the original action was filed. Nonetheless, we concluded that under *Stout* the UMC could not assert a statute of limitation defense, because there was no indication or ruling in the record that service on the defendant had been improper in either the original or renewal actions.

Following the litigation giving rise to the appeals in *Stout* and *Malave*, however, the General Assembly amended OCGA § 33-7-11 (d) to craft a rule along the lines suggested by the dissent in *Bohannon* and the special concurrence in *Stout*. As so amended in 1998,[12] OCGA § 33-7-11 (d) continues to require the UMC to be served "as though [it] were actually named as a party defendant." The 1998 amendment adds the qualification that this must be done only if "a reasonable belief exists that the vehicle is an uninsured motor vehicle." The 1998 amendment further provides:

> If facts arise after an action has been commenced which create a reasonable belief that a vehicle is an uninsured motor vehicle . . . and no such reasonable belief existed prior to the commencement of the action against the defendant, and the complaint was timely served on the defendant, the insurance company issuing the policy shall be served within either the remainder of the time allowed for valid service on the defendant or 90 days after the date on which the party seeking relief discovered, or in the exercise of due diligence should have discovered, that the vehicle was uninsured or underinsured, whichever period is greater.

Rebuelta argues that his service on Allstate was timely, because he had no reason to believe that Nkpa's vehicle was uninsured or underinsured until he received discovery responses from defense counsel. Rebuelta further claims that he served Allstate within 90 days thereafter. These facts are not, however, shown by the record. Therefore, we cannot say that the state court abused its discretion in determining that Allstate should have been served within the same time frame as Nkpa and in finding that service on Allstate was untimely and therefore insufficient.[13]

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

---

[12] Ga. L. 1998, p. 1064, § 3.

[13] See *Johnson v. State*, 274 Ga. App. 848, 849 (2) (619 SE2d 488) (2005) (burden always on appellant in asserting error to show it affirmatively by record).

DECIDED AUGUST 18, 2006 — 

*Braun & Ree, Michael R. Braun*, for appellant.
*Sidney L. Moore, Jr.*, for appellee.