## A08A0329. HAYWARD v. RETENTION ALTERNATIVES LIMITED.

(661 SE2d 862)

BARNES, Chief Judge.

Stacy Hayward appeals from the trial court's order granting her uninsured motorist ("UM") carrier, Retention Alternatives Limited ("RAL"), summary judgment on the issue of coverage. For reasons that follow, we reverse.

This dispute arises out of a September 2002 automobile collision between cars driven by William Stridiron and Hayward. In September 2004 — shortly before the expiration of the statute of limitation — Hayward sued Stridiron for negligence in causing the collision. At that time, she served the complaint on her primary UM carrier, but she did not serve RAL, her excess carrier.

Hayward voluntarily dismissed her lawsuit without prejudice in May 2006. Less than six months later, she renewed the action pursuant to OCGA § 9-2-61, and she served RAL with the renewed complaint. RAL subsequently moved for summary judgment, arguing that it was not served within the statute of limitation or the time permitted by the Uninsured Motorist Act, OCGA § 33-7-11. The trial court granted the motion.

In serving RAL, Hayward sought to comply with OCGA § 33-7-11 (d), which provides, in pertinent part:

> In cases where the owner or operator of any vehicle causing injury or damages is known, and either or both are named as defendants in any action for such injury or damages, and a reasonable belief exists that the vehicle is an uninsured motor vehicle . . . , a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though the insurance company were actually named as a party defendant. If facts arise after an action has been commenced which create a reasonable belief that a vehicle is an uninsured motor vehicle . . . and no such reasonable belief existed prior to the commencement of the action against the defendant, and the complaint was timely served on the defendant, the insurance company issuing the policy shall be served within either the remainder of the time allowed for valid service on the defendant or 90 days after the date on which the party seeking relief discovered, or in the exercise of due diligence should have discovered, that the vehicle was uninsured or underinsured, whichever period is greater.

Asserting that Hayward knew before or shortly after she filed

her original complaint that Stridiron possibly was uninsured,[1] RAL claims that OCGA § 33-7-11 (d) required her to serve it with the original complaint. We disagree.

1. As found by our Supreme Court in *Stout v. Cincinnati Ins. Co.*, 269 Ga. 611, 611-612 (502 SE2d 226) (1998), the UM service requirement is not intended to establish personal jurisdiction over the insurer or make it a defendant in the underlying tort action. Compare *Bonner v. Bonner*, 272 Ga. 545, 546 (2) (533 SE2d 72) (2000) (service of summons and complaint under OCGA § 9-11-4 brings defendant within court's jurisdiction). Instead, the provision gives the carrier " 'notice of the existence of a lawsuit in which it ultimately may be held financially responsible.' " *Stout*, supra, 269 Ga. at 611-612. Such financial liability does not arise until the claimant obtains a judgment against the uninsured tortfeasor. See *Cohen v. Allstate Ins. Co.*, 277 Ga. App. 437, 441 (2) (626 SE2d 628) (2006).

Moreover, although a UM carrier should not stand in a worse position than the alleged tortfeasor, "it likewise should not be placed in a better position." *Stout*, supra, 269 Ga. at 612. As noted by *Stout*, "[a]llowing the UM [carrier] to set forth, in the context of a case in which it is not even a party, a statute of limitations defense which would not be available to the named party defendant, is completely inconsistent with the tenor of OCGA § 33-7-11 (d)." Id. Service on the UM carrier is permissible "at any time within which valid service could be made on the defendant." Id. And regardless of whether the claimant served the UM carrier in the original suit, proper service in a renewal action satisfies OCGA § 33-7-11 (d). Id. at 611; see also *Malave v. Allstate Ins. Co.*, 246 Ga. App. 783, 785 (541 SE2d 420) (2000) (although claimant knew during original suit that defendant was uninsured, service on UM carrier for first time in renewal suit was proper).

We recognize that in 1998 — after the litigation giving rise to *Stout* — the legislature amended OCGA § 33-7-11 (d). The amendment clarified that a UM carrier must be served in cases where the plaintiff has a reasonable belief that the defendant is uninsured. Prior to the 1998 amendment, the statute arguably required service on the UM carrier in every action between adverse drivers, regardless of the claimant's knowledge or belief regarding the opposing party's insurance coverage. See OCGA § 33-7-11 (d) (1997). The amendment thus incorporated — to some extent — the suggestion by

---

[1] Before suing Stridiron, Hayward was named as a defendant in a declaratory judgment action brought by the insurer of the car Stridiron was driving. The insurer alleged that Stridiron, who did not own the vehicle, lacked permission to drive it and thus was not covered by the automobile insurance.

several Supreme Court justices that a UM carrier need only be served once the claimant becomes aware that the defendant may lack insurance. See *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162, 163-164 (377 SE2d 853) (1989) (Weltner, J., dissenting); *Stout*, supra, 269 Ga. at 613-614 (2) (Fletcher, P. J., concurring specially).

Nothing in the amendment, however, undercuts the policies set forth in *Stout*, particularly that (1) the purpose of OCGA § 33-7-11 (d) is to provide notice to the UM carrier, not to obtain personal jurisdiction, and (2) the carrier should not be placed in a *better* position than the tortfeasor. The legislature also expressed no desire to overturn prior Supreme Court authority holding that "a plaintiff can wait to serve a UM [carrier] until he files a valid renewal suit after the running of the statute of limitation." *U. S. Fidelity &c. Co. v. Reid*, 268 Ga. 432, 434 (491 SE2d 50) (1997). See also *Mowell v. Marks*, 269 Ga. App. 147, 152 (603 SE2d 702) (2004) (" 'It is presumed that the legislature knows and enacts statutes with reference to the existing law, including the decisions of the courts.' ").

RAL argues on appeal that in *Rebuelta v. Nkpa*, 281 Ga. App. 210 (636 SE2d 42) (2006), we found that the amendment to OCGA § 33-7-11 (d) superceded *Stout*. As noted above, however, the amendment's language does not support such a finding, and we neither attempted nor had authority to modify Supreme Court precedent. See *Sumitomo Corp. v. Deal*, 256 Ga. App. 703, 705 (1) (569 SE2d 608) (2002) (Court of Appeals has no authority to modify or overrule Supreme Court decisions). Moreover, the *Rebuelta* decision did not involve a renewal action, easily distinguishing it from *Stout* and this case. See 281 Ga. App. at 212 (affirming trial court's determination that claimant's failure to serve UM carrier within the same time frame as the tortfeasor rendered service "untimely" and "insufficient"). Simply put, the amended version of OCGA § 33-7-11 (d) does not invalidate *Stout*, *Reid*, or similar Supreme Court cases, and we cannot ignore this binding authority.

Finally, a plain reading of OCGA § 33-7-11 (d) demonstrates that Hayward complied with the statute. The provision focuses primarily on the service time permitted for an actual defendant. The record shows that Hayward failed to serve her original complaint on RAL. But she served the insurer in the renewal action — the suit before us in this appeal and the action through which RAL may become financially liable. She thus followed the letter of OCGA § 33-7-11 (d) by serving her UM carrier "as though [it] were actually named as a party defendant" in the renewal suit.

Without dispute, RAL is statutorily entitled to service. The intent of such service, however, is to give notice, not to bring the UM carrier within the court's jurisdiction. Moreover, RAL is not a party

defendant at this point and cannot be sued until Hayward obtains a judgment against Stridiron. Given these circumstances, as well as Hayward's service on RAL in the renewal action, the trial court erred in granting summary judgment to the insurer.

2. RAL also argues that, even if it was properly served under OCGA § 33-7-11 (d), we must affirm the summary judgment award because Hayward only attempted to serve the renewal action on Stridiron by publication. Asserting that "service by publication does not provide personal jurisdiction," RAL claims that Hayward's failure to personally serve Stridiron undermines any claim against the insurer.

It is true that, absent sufficient service on the tortfeasor, a claimant cannot recover from his or her UM carrier. See *Barabont v. Villanueva*, 261 Ga. App. 839, 841 (1) (584 SE2d 74) (2003) ("[S]ervice on the tortfeasor is a condition precedent for recovery against the uninsured motorist carrier."). The Uninsured Motorist Act, however, specifically permits service by publication. See OCGA § 33-7-11 (e). And such service may form the basis for a nominal judgment against the tortfeasor, allowing recovery against the UM carrier. *Cohen*, supra, 277 Ga. App. at 441.

Undoubtedly, the act of publication alone is insufficient to establish proper service under OCGA § 33-7-11 (e). During the first 12 months following a publication order, the claimant must continue to look diligently for the tortfeasor. OCGA § 33-7-11 (e). But the trial court, not this Court, must determine if Hayward acted diligently in serving Stridiron. *Williams v. Jackson*, 273 Ga. App. 207, 208 (614 SE2d 828) (2005). Although RAL raised the issue below, the trial court explicitly did not reach this question, which it found "moot" after resolving the summary judgment motion based on the language of OCGA § 33-7-11 (d). Accordingly, we will not address for the first time on appeal whether Hayward exercised the required diligence. See *Hartwell R. Co. v. Barnes*, 276 Ga. 246, 249 (3) (577 SE2d 566) (2003) (factual issue not resolved by trial court provided no basis for upholding trial court's ruling).

*Judgment reversed. Johnson, P. J., and Phipps, J., concur.*

DECIDED APRIL 18, 2008 ■

*John M. Foy*, for appellant.

*Hawkins & Parnell, Michael J. Goldman, Assunta F. Deevey*, for appellee.