S08G1451. RETENTION ALTERNATIVES, LTD. v. HAYWARD.
(678 SE2d 877)

BENHAM, Justice.

Uninsured motorist coverage in a motor vehicle liability insurance policy has its statutory basis in OCGA § 33-7-11. Since its inception, the statute has provided for service of process on the insurance company which issued the policy containing uninsured motorist coverage in an action its insured files against a purported tortfeasor following a vehicular collision. See Ga. L. 1963, p. 588, § 1 (g). In 1998, the General Assembly amended the portion of the statute providing for service of process on an uninsured motorist carrier (UMC), and the case before us requires judicial statutory construction of the amendment and an ascertainment of the effect of the judicial decisions construing the pre-amendment version of the statute. In *Hayward v. Retention Alternatives Limited*, 291 Ga. App. 232 (661 SE2d 862) (2008), the Court of Appeals construed the amendment as clarifying that a UMC must be served in cases when the plaintiff has a reasonable belief the defendant is uninsured and concluded that the amendment did not affect this Court's pre-amendment case law, noting that the General Assembly had not expressed a desire to overturn it. We granted the petition for a writ of certiorari to the Court of Appeals and, for the reasons stated below, affirm the judgment of the Court of Appeals.

Prior to 1998, the statute provided that

[i]n cases where the owner or operator of any vehicle causing injury or damage is known, and either or both are named as defendants in any action for such injury or damages, a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though the insurance company were actually named as a party defendant.

Ga. L. 1967, p. 463, § 1. With the 1998 amendatory language italicized, the pertinent portion of OCGA § 33-7-11 (d) (1998) provides:

In cases where the owner or operator of any vehicle causing injury or damages is known, and either or both are named as defendants in any action for such injury or damages, *and*

*a reasonable belief exists that the vehicle is an uninsured motor vehicle . . . ,* a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the [uninsured motorist] policy as though the insurance company were actually named as a party defendant. *If facts arise after an action has been commenced which create a reasonable belief that a vehicle is an uninsured motor vehicle . . . and no such reasonable belief existed prior to the commencement of the action against the defendant, the insurance company issuing the policy shall be served within either the remainder of the time allowed for valid service on the defendant or 90 days after the date on which the party seeking relief discovered, or in the exercise of due diligence should have discovered, that the vehicle was uninsured or underinsured, whichever period is greater.*

1. "In construing a statute, the cardinal rule is to glean the intent of the legislature." *Alford v. Pub. Svc. Comm.*, 262 Ga. 386, 387 (1) (a) (418 SE2d 13) (1992). The 1998 amendment provides a legislative resolution to the statutory deficiency recognized in *Bohannon v. J. C. Penney Cas. Ins. Co.*, 259 Ga. 162 (377 SE2d 853) (1989), where this Court affirmed the grant of summary judgment to UMCs in an action arising from a vehicular collision because the UMCs were not served with process prior to the expiration of the two-year statute of limitation on personal injury actions. See Benjamin Briggs, Note, *Peach Sheets*, Insurance, 15 Ga. St. U. L. Rev. 153, 156-157 (1998). In *Bohannon*, the UMCs were served shortly after it was judicially determined that the driver of the injury-causing vehicle was not acting within the scope of his employment at the time of the collision, but that service did not take place until 28 and 30 months after the injuries were sustained. See *Bohannon v. Futrell*, 189 Ga. App. 340 (375 SE2d 637) (1988). This Court recognized the need for a rule which allowed the service of process on a UMC "within a reasonable time" after the injury-causing vehicle was determined to be uninsured subsequent to the expiration of the statute of limitation, but concluded "fashioning such a rule is a task that is better left to the legislature." *Bohannon v. J. C. Penney Cas. Ins. Co.*, supra, 259 Ga. at 163. The *Bohannon* holding placed upon plaintiffs the burden of serving their UMC when the litigation was initiated, regardless of whether the defendant was uninsured, to ensure the UMC had been timely served should the defendant become uninsured prior to the conclusion of the litigation and the collection of any judgment, but after the expiration of the period of limitation. See *Reid v. U. S. Fidelity & Guaranty Co.*, 223 Ga. App.

204, 206 (477 SE2d 369) (1996), aff'd, *U. S. Fidelity & Guaranty Co. v. Reid*, 268 Ga. 432 (491 SE2d 50) (1997); *Bohannon v. Futrell*, supra, 189 Ga. App. at 342, aff'd, *Bohannon v. J. C. Penney Cas. Ins. Co.*, supra, 259 Ga. 162.

The 1998 amendment provides the solution the *Bohannon* Court suggested. It makes service of process on a UMC dependent upon the existence of a reasonable belief that the defendant owner/operator is uninsured: if that reasonable belief exists when the plaintiff files suit against the owner/operator of the injury-causing vehicle, the UMC must be served as prescribed by law as if it were a named defendant. If, however, a reasonable belief that the injury-causing vehicle is uninsured does not arise until after the lawsuit against the owner/operator is timely filed, service of process on the UMC must occur within the greater of the period of 90 days from when the plaintiff discovered or should have discovered the vehicle was uninsured, or within the remainder of the time allowed for valid service on the defendant. In contrast with the pre-amendment version of OCGA § 33-7-11 (d), the 1998 amendment provides a condition precedent before process must be served on a UMC, thereby eliminating any need to serve a UMC at a time when the injury-causing vehicle is believed to be insured.

2. Applying the amended version of OCGA § 33-7-11 (d), the trial court in the case at bar granted summary judgment to the UMC after finding that Hayward did not have process served on the UMC when she filed suit against the owner/operator of the injury-causing vehicle despite having had a reasonable belief (since she had process served on another UMC) at that time that the injury-causing vehicle was uninsured. The trial court also found that, even if Hayward did not have a reasonable belief that the injury-causing vehicle was uninsured when she filed suit, she became aware of that fact during the pendency of the litigation against the owner/operator by means of the issuance of a declaratory judgment that the vehicle was uninsured, and did not have the UMC served within 90 days of acquiring that knowledge. The Court of Appeals reversed the trial court's grant of summary judgment to the UMC, pointing out that, under our holding in *Stout v. Cincinnati Ins. Co.*, 269 Ga. 611 (502 SE2d 226) (1998), the UMC was timely served with process in the renewal action that Hayward timely filed after voluntarily dismissing her action against the owner/operator of the injury-causing vehicle. See OCGA § 9-2-61; *Stout v. Cincinnati Ins. Co.*, supra, 269 Ga. at 612 (UMC timely served under OCGA § 33-7-11 (d) when timely served in renewal action despite not having been served in the original action); *U. S. Fidelity & Guaranty Co. v. Reid*, supra, 268 Ga. at 432-433 (UMC timely served under OCGA § 33-7-11 (d) when timely served in renewal action despite not having been timely

served in original action).

The UMC contends it was error for the Court of Appeals to rely on our decision in *Stout* since *Stout* construed the pre-amendment version of the statute and the amended version of the statute imposes different obligations on the plaintiff regarding service of process on the UMC. We disagree with the UMC's assertions.

"In construing a statute, certain presumptions must be indulged." *Botts v. Southeastern Pipe-Line Co.*, 190 Ga. 689, 700-701 (10 SE2d 375) (1940). One such presumption endorsed by this Court is that a statute is

> "presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it. [It is] therefore to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence, and [its] meaning and effect is to be determined in connection, not only with the common law and the constitution, but also with reference to other statutes and the decisions of the courts." [59 C.J. 1038, § 616].

Id. If there is nothing in the legislation that indicates that the phrases used were to have a new and different meaning, they are construed as having the same meaning that was attached to them before the amendment. *In the Interest of B. C. P.*, 229 Ga. App. 111, 115 (493 SE2d 258) (1997).

By the time the 1998 amendment was enacted, there was an established body of case law addressing the issue of the timeliness of service of process on the UMC. The case law construed and applied the phrase contained in the pre-amendment version of the statute: ". . . a copy of such action . . . shall be served as prescribed by law upon the insurance company . . . as though such insurance company were actually named as a party defendant. . . ." Since this Court decided *Vaughn v. Collum*, 236 Ga. 582 (224 SE2d 416) (1976), the Georgia appellate courts have construed the statutory phrase as requiring the UMC to be served "within the time allowed by law for valid service upon the defendant in the case." See *Ga. Farm Bureau Mut. Ins. Co v. Kilgore*, 265 Ga. 836 (462 SE2d 713) (1995); *Bohannon v. J. C. Penney Cas. Ins. Co.*, supra, 259 Ga. 162; *Jefferson Pilot Fire &c. Co. v. Burger*, 176 Ga. App. 471 (336 SE2d 591) (1985); *Scoggins v. State Farm Mut. Auto Ins. Co.*, 156 Ga. App. 408, 409 (274 SE2d 775) (1980). See also *Stout v. Cincinnati Ins. Co.*, supra, 269 Ga. at 612 (pre-amendment statute applied in a case decided after enactment of amendment). In *U. S. Fidelity & Guaranty Co. v. Reid*, supra, 268 Ga. at 433-434, decided the year before the 1998

amendment was enacted, this Court ruled that the phrase "within the time allowed for valid service on the defendant in the tort action" made timely the service of process on the UMC in a renewal action when there had been no timely service on the UMC in the voluntarily-dismissed action, since the UMC was served in the renewal action at a point in time when the defendant in the tort action could be served.

The cumulative effect of this Court's pre-amendment decisions was to provide the framework within which a UMC must be served with process. With no legislative guidance other than the directive that a UMC must be served "as prescribed by law . . . as though the [UMC] were a party defendant," the judicial decisions construed the statutory language as setting a requirement that the UMC be served within the time allowed by law for valid service on the defendant, which included any point in time at which valid service could be made on the tortfeasor defendant, even after the expiration of the statute of limitation.

When the General Assembly enacted the 1998 amendment, it retained the phrase used in the pre-amendment statute ("as prescribed by law . . . as though the [UMC] were a party defendant") and used a phrase judicially declared to be its equivalent ("the time allowed for valid service on the defendant"). We presume the General Assembly employed the language it used in the amendment with full knowledge of the existing condition of the law, including the judicial construction of the language it employed. *Botts v. Southeastern Pipe-Line Co.*, supra, 190 Ga. at 700. Since there is nothing in the legislation that indicates that the phrases used were to have a new and different meaning, we construe them as having the same meaning that was attached to them before the amendment. *In the Interest of B. C. P.*, 229 Ga. App. at 115. Furthermore, there is nothing in the 1998 legislation that reflects a legislative intent to narrow the scope of the language used in the amendment so as to overrule any of the judicial decisions following *Vaughn v. Collum*, supra, 236 Ga. 582, especially *U. S. Fidelity & Guaranty Co. v. Reid*, supra, 268 Ga. 432 or *Stout v. Cincinnati Ins. Co.*, supra, 269 Ga. 611. See *Fender v. Fender*, 249 Ga. 765, 766 (294 SE2d 472) (1982) (court not persuaded that the legislature intended to broaden the scope of modification of alimony so as to overrule Supreme Court decisions construing earlier legislation). The 1998 amendment rectifies the problem observed in *Bohannon* in 1989 by setting out a condition that must be met before a plaintiff must serve process on a UMC.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 2009.

*Hawkins & Parnell, Michael J. Goldman, Assunta S. Fiorini*, for appellant.
*John M. Foy, Ben C. Brodhead III*, for appellee.