**SECOND DIVISION
ANDREWS, P. J.,
MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/**

**August 13, 2014**

# In the Court of Appeals of Georgia

A14A1077. KING v. PEEPLES et al.

MCFADDEN, Judge.

Margo King appeals pro se from the trial court's order granting summary judgment to Kenneth Peeples in King's action against him for injuries she sustained in a motor vehicle collision. She also challenges the trial court's earlier order granting summary judgment to her uninsured/underinsured motorist (UM) carrier, Ameriprise Insurance Corporation; the trial court's order permitting King's counsel to withdraw from representing her; and the trial court's failure to continue the proceedings. As detailed below, the undisputed evidence showed that the trial court did not err in granting the motions for summary judgment filed by Ameriprise and Peeples and that the trial court acted within his discretion in permitting counsel to withdraw and declining to continue the proceedings. Accordingly, we affirm.

1. *Facts and procedural posture.*

Viewed in the light most favorable to King, the nonmovant, see *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991), the evidence showed that King was involved in a vehicle collision with Peeples on July 23, 2004. At that time, she had an insurance policy with Ameriprise that included UM coverage but she did not notify Ameriprise of the accident. On July 20, 2006, King filed a personal injury action against Peeples in the Superior Court of Walton County. She did not serve Ameriprise with a copy of that complaint. See OCGA § 33-7-11 (d) (setting forth requirements for serving UM carrier with action where owner or operator of vehicle causing injury or damage to insured is known and vehicle is believed to be uninsured). She first notified Ameriprise of her intent to pursue UM coverage on October 28, 2011.

On January 9, 2012, King entered into a limited liability release with Peeples, which released Peeples from "any and all" claims of King resulting from the accident, "except to the extent other insurance coverage is available which covers the claim or claims of [King] against [Peeples]."

On January 18, 2012, represented by new counsel, King voluntarily dismissed her Walton County action against Peeples without prejudice. Two months later, on March 27, 2012, she renewed her action against Peeples in the State Court of

2

Gwinnett County. See OCGA § 9-2-61 (a) (setting forth requirements for renewal action). On August 23, 2012, she served a copy of the complaint on Ameriprise, which answered, raised several affirmative defenses, and filed a cross-claim against Peeples.

On March 25, 2013, Ameriprise moved for summary judgment. It argued among other things that the doctrine of laches barred the action against it. King did not file a response to Ameriprise's motion, and the trial court granted the motion. That same day, King's counsel filed a notice of intent to withdraw from representing her. On May 22, 2013, the trial court entered an order allowing counsel to withdraw.

On June 17, 2013, Peeples moved for summary judgment, arguing that the limited liability release barred King's action against him. King made several pro se filings in response. On July 11, 2013, she wrote the trial court asking for help under the Americans with Disabilities Act, 42 U. S. C. §§ 12101 et seq., on the ground that she was cognitively disabled. On July 22, 2013, she filed an opposition to Peeples's motion for summary judgment. Finally, on July 23, 2013, she moved to set aside the grant of summary judgment to Ameriprise and moved for a continuance while she secured counsel.

On August 1, 2013, the trial court granted summary judgment to Peeples on the ground that King already had released her claims against him. In the same order, the trial court denied King's motion to set aside the earlier grant of summary judgment to Ameriprise.

2. *Peeples's motion for summary judgment.*

The trial court did not err in granting Peeples's motion for summary judgment. The release King executed on January 9, 2012, barred her from making a claim against Peeples for damages resulting from the accident "except to the extent other insurance coverage is available which covers the claim or claims of [King] against [Peeples]." Although King argues that her UM policy with Ameriprise provided such coverage, as discussed in Division 3 below the trial court properly ruled that King could not pursue her action against Ameriprise. King has pointed to no other facts showing that the exception in the release applies. Accordingly, the undisputed facts show that King's right to pursue her claim against Peeples has been extinguished, and the trial court did not err in granting summary judgment to Peeples. See *Dodds v. Dabbs, Hickman, Hill & Cannon, LLP*, 324 Ga. App. 337, 344 (2) (750 SE2d 410) (2013) (where release extinguished plaintiff's cause of action, trial court did not err in granting summary judgment to defendant on plaintiff's claims).

3. *Ameriprise's motion for summary judgment.*

The trial court did not err in granting Ameriprise's motion for summary judgment. Among other reasons, the trial court ruled in Ameriprise's favor upon a finding that King was "guilty of laches because she did not even attempt to serve the summons and complaint upon Ameriprise until long after the renewal statute of limitations had expired."

"Under Georgia law, the general rule is that a plaintiff making a claim against a [UM carrier] must serve process upon the [UM carrier] within the same statute of limitation applicable to the uninsured motorist." *Lewis v. Waller*, 282 Ga. App. 8, 12 (2) (637 SE2d 505) (2006) (citations omitted). This requirement is met where the UM carrier is timely served in a renewal action despite not having been served in the original action. See *Stout v. Cincinnati Ins. Co.*, 269 Ga. 611, 612 (502 SE2d 226) (1998) (construing earlier version of OCGA § 33-7-11 (d), concerning UM coverage); see also *Retention Alternatives v. Hayward*, 285 Ga. 437, 439-440 (2) (678 SE2d 877) (2009) (holding that rule set forth in *Stout*, supra, applies under current version of OCGA § 33-7-11 (d)). But where a plaintiff does not perfect service of a renewal action within the six-month renewal period established by OCGA § 9-2-61 (a), the plaintiff has the burden of showing that she acted in a reasonable and diligent manner

5

to ensure proper service was made as quickly as possible. See *McClendon v. 1152 Spring St. Assocs. &c.*, 225 Ga. App. 333, 336 (484 SE2d 40) (1997).

"The determination of whether the plaintiff is guilty of laches in failing to exercise due diligence in perfecting service after the [expiration of the six-month renewal period] is a matter within the trial court's discretion and will not be disturbed on appeal absent abuse." *Heard v. Hart*, 241 Ga. App. 441, 443 (526 SE2d 908) (1999) (citation omitted). Ameriprise presented evidence that King served it with the complaint more than a month after the six-month renewal period expired, and that King had made no prior attempts to perfect service. In response, King offered no evidence to contradict these facts or to show that she had acted in a reasonable and diligent manner to perfect service upon Ameriprise. Although she argues that there was "an attempted service within the statute of limitations," she points merely to evidence of her August 29, 2012 service of the complaint in the renewal action upon Peeples and responsive pleadings filed by Ameriprise and Peeples in the renewal action. The trial court did not err in granting Ameriprise's motion based on the doctrine of laches. See *Heard*, 241 Ga. App. at 443.

4. *Withdrawal of counsel.*

King argues that the trial court erred in permitting her counsel to withdraw. Uniform Superior Court Rule 4.3 (1) provides that an attorney of record who wishes to withdraw as counsel for a party

> shall submit a written request to an appropriate judge of the court for an order permitting such withdrawal. Such request shall state that the attorney has given due written notice to the affected client respecting such intention to withdraw 10 days (or such lesser time as the court may permit in any specific instance) prior to submitting the request to the court or that such withdrawal is with the client's consent. Such request will be granted unless in the judge's discretion to do so would delay the trial of the action or otherwise interrupt the orderly operation of the court or be manifestly unfair to the client.

Rule 4.3 also specifies the contents of the notice to be given the client and requires the attorney to file with the court a written certification demonstrating compliance with the notification requirements. Unif. Sup. Ct. R. 4.3 (1). (This superior court rule is applicable in state court. See Uniform State Court Rules.) We review for abuse of discretion a trial court's ruling on an attorney's request to withdraw. See *Odum v. State*, 283 Ga. App. 291, 292 (641 SE2d 279) (2007).

We find no abuse of discretion in this case. Although King argues that her attorney withdrew without informing her and without her consent, the trial court was

7

entitled to rely upon the attorney's written certification that he had complied with the requirements of Rule 4.3 (1). See *Harbolt v. Pelletier*, 291 Ga. App. 582, 583 (1) (662 SE2d 355) (2008) (physical precedent only). We are aware of no authority, and King points to none, requiring the trial court to deny her attorney's request to withdraw as a means of accommodating her disability.

5. *Continuance.*

King argues that the trial court erred in declining to continue the proceedings while she attempted to secure new counsel. Whether to grant a continuance is a matter for the trial court's discretion, even in the face of the "sudden withdrawal of retained counsel." *Bryan v. Fed. Express Corp.*, 180 Ga. App. 163 (1) (348 SE2d 705) (1986) (citation and punctuation omitted). And, as with her argument regarding the withdrawal of counsel, King has pointed to no authority requiring the trial court to grant her a continuance due to her disability. We find no abuse of discretion.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*