**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**May 12, 2025**

# In the Court of Appeals of Georgia

A25A0256. GALLMAN v. ALFA GENERAL INSURANCE CORPORATION.

MARKLE, Judge.

Evon Sylvia Gallman appeals from the trial court's order granting summary judgment to Alfa General Insurance Corporation ("Alfa") in this suit arising from an auto accident and seeking uninsured motorist coverage. On appeal, Gallman argues that the trial court erred by granting summary judgment to Alfa because Alfa was timely served with her renewal suit. For the reasons that follow, we agree. Accordingly, we reverse.

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In reviewing the grant or denial of a motion for summary judgment, we apply a de novo standard of review, and we view the evidence, and all

reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citation omitted.) *Progressive Mountain Ins. Co. v. Vining*, 373 Ga. App. 663, 663–664 (908 SE2d 350) (2024).

The relevant facts are generally undisputed. In February 2017, Gallman was injured in an auto accident. She filed suit against the other driver, Lawrence Thomas, on May 3, 2019. Although the trial court initially dismissed the suit for failure to serve Thomas, it reinstated the case because the limitation period tolled until the completion of Thomas's criminal case.[1] In July 2021, Gallman served Alfa with the suit. Gallman then voluntarily dismissed the suit without prejudice in August 2021.

On December 6, 2021, Gallman filed the instant renewal complaint and served Alfa the following day. Alfa moved for summary judgment, arguing that it was not timely served in the original action. Gallman responded that timely service in the renewal suit was all that was required. Following a hearing, the trial court granted

---

[1] Generally, the statute of limitation is two years for personal injury suits. See OCGA § 9-3-33. Here, however, the limitation period tolled until the criminal proceedings against Thomas were final. See OCGA § 9-3-99.

summary judgment to Alfa, finding that Gallman failed to perfect service within the limitation period of the original suit.[2] Gallman now appeals.

In related enumerations of error, Gallman argues that the trial court erred by granting summary judgment because timely service in the renewal action was sufficient, regardless of whether the UM carrier was timely served in the original suit. We agree.

To begin, OCGA § 9-2-61 (a) authorizes a plaintiff who voluntarily dismisses a civil action, to renew the action "either within the original applicable period of limitations or within six months after the . . . dismissal[.]"

In cases such as this one, involving uninsured motorist coverage, OCGA § 33-7-11 (d) (2021) provides that, where "a reasonable belief exists that the vehicle is an uninsured motor vehicle . . . , a copy of the action and all pleadings thereto shall be served as prescribed by law upon the insurance company issuing the policy as though the insurance company were actually named as a party defendant." In interpreting this statutory provision, our courts have repeatedly held that

---

[2] Gallman moved for reconsideration of the trial court's order, but it is unclear whether the trial court ruled on it. In any event, Gallman does not allege error with regard to that motion. And we have jurisdiction over this appeal. *Mughni v. Beyond Mgmt. Group*, 349 Ga. App. 398, 399-400 (1) (825 SE2d 829) (2019).

under Georgia law, the general rule is that a plaintiff making a claim against a UM carrier must serve process upon the UM carrier within the same statute of limitation applicable to the uninsured motorist. This requirement is met where the UM carrier is timely served in a renewal action despite not having been served in the original action.

(Citations and punctuation omitted.) *King v. Peeples*, 328 Ga. App. 814, 816 (3) (762 SE2d 817) (2014); see also *Retention Alternatives v. Hayward*, 285 Ga. 437, 439-440 (2) (678 SE2d 877) (2009); *U. S. Fidelity & Guar. Co. v. Reid*, 268 Ga. 432, 434 (491 SE2d 50) (1997); *Strickland v. Geico Gen. Ins. Co.*, 358 Ga. App. 158, n. 1 (854 SE2d 348) (2021); *Giles v. State Farm Mut. Ins. Co.*, 330 Ga. App. 314, 321 (3) (765 SE2d 413) (2014).

Although Alfa argues that Gallman should not be able to circumvent the statute of limitation by timely serving it in the renewal action where she failed to obtain timely service in the original suit, we are bound by our Supreme Court's holding that timely service on the UM carrier in the renewal action is sufficient. *Hayward*, 285 Ga. at 439-440 (2); *Reid*, 268 Ga. at 434; *Ward v. Marriott Intl.*, 352 Ga. App. 488, 493 (2) (a) (835 SE2d 322) (2019) ("Article VI, Section VI, Paragraph VI of the Georgia Constitution of 1983 specifically commands, '[t]he decisions of the Supreme Court

4

shall bind all other courts as precedents.' This principle has even greater weight where the precedent relates to interpretation of a statute. Once the Supreme Court interprets the statute, the interpretation has become an integral part of the statute.") (citations and punctuation omitted); *Thomason v. Harper*, 162 Ga. App. 441, 444-445 (2) (289 SE2d 773) (1982) ("This court is not at liberty to decline to follow this rule of law in Georgia because our Supreme Court has addressed the issue in clear terms.").

Here, Alfa acknowledged in the trial court that it was timely served in the renewal action. As such, Gallman perfected service under OCGA § 33-7-11 (d), and the trial court erred by concluding otherwise. *Retention Alternatives*, 285 Ga. at 440 (2); *U. S. Fidelity & Guar. Co.*, 268 Ga. at 434; *Strickland*, 358 Ga. App. at 158, n. 1; *King*, 328 Ga. App. at 816 (3).

*Judgment reversed. Doyle, P. J., and Padgett, J., concur.*